**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ONE PARCEL OF LAND, KNOWN AS LOT 111–B, TAX MAP KEY 4–4–03–71(4), WAIPOULI, KAPAA, ISLAND AND COUNTY OF KAUAI, STATE OF HAWAII, Together With Appurtenances and Improvements, Defendant.**

**Appeal of Richard STAGE,**
**Claimant–Appellant.**

**No. 89–15409.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 1990 *.

Decided May 10, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Philip D. Bogetto, Honolulu, Hawaii, for claimant-appellant.

Florence T. Nakakuni, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before FARRIS, PREGERSON and RYMER, Circuit Judges.

PER CURIAM:

Richard Stage appeals the district court's denial of his claim for return of property forfeited pursuant to 21 U.S.C. § 881. The district court held that Stage was a "nominal owner" lacking standing to challenge the forfeiture. Alternatively, the court held that Stage did not qualify as an "innocent owner." We affirm.

## DISCUSSION

The district court found that the government had satisfied its burden of showing probable cause that the property was used or intended for use in a manner to facilitate the commission of a federal narcotics offense. Stage does not dispute that the property was used for unlawful purposes, but argues that he is an "innocent owner" pursuant to section 881(a)(7).

The claimant in a forfeiture action has the burden of showing that he owns or has an interest in the forfeited property. *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir. 1984). "[P]ossession of mere legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture." *United States v. A Single Family Residence*, 803 F.2d 625, 630 (11th Cir.1986); *United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28 (8th Cir.1979).

Although Stage was listed as the title owner of an undivided 41.65% interest in the property, the district court held that

Stage was a mere "nominal owner." Our review of the record satisfies us that the district court's finding was not clearly erroneous. Stage presented no documentary evidence regarding his finances or payments with respect to the purchase of the property. He could not remember how much he had contributed, or the amounts that others had loaned to him. Stage claims that he paid property taxes on the land for at least two years but has no record or writing to support this claim. Weighing the credibility of the evidence, the district court found that Stage had failed to meet his burden of proving more than nominal ownership.

 Further, we would reject Stage's claim that he was an "innocent owner". Section 881(a)(7) provides in relevant part:

no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The district court rejected the innocent owner defense because Stage was aware of the illegal activities occurring on the property. Stage argues that he is an innocent owner if he can show he was without knowledge of the illegal activities *or* if he can show he did not consent to them. We reject this interpretation.

A congressional joint committee report explaining the identical language of Section 881(a)(6) leaves no doubt as to the proper interpretation of the "knew or consented" language. The report states:

Specifically, the property would not be subject to forfeiture unless the owner of such property knew or consented to the [illegal conduct].

Joint Explanatory Statement of Titles II and III, 95th Cong., 2nd Sess., *reprinted in* 1978 U.S.Code Cong.Admin.News 9510, 9522–23. Thus, if the claimant *either* knew *or* consented to the illegal activities, the "innocent owner" defense is unavailable. The intent of the forfeiture provision is to seize all property that has a "substantial

connection" to the illegal drug activity. *Id.* This policy would be substantially undercut if persons who were fully aware of the illegal connection or source of their property were permitted to reclaim the property as "innocent" owners. The policy and legislative history of the Act support the district court's interpretation. Because Stage knew of the illegal activities, his assertion of lack of consent was of no consequence.

AFFIRMED.