UNITED STATES of America,
Plaintiff–Appellee,

v.

ONE CARTIER GOLD & DIAMOND WATCH; One Cabochon Gold & Emerald Ring; One Gold Tennis Bracelet; One Cartier Leather Briefcase, Defendants,

and

Marc Debden–Moss, Claimant–Appellant.

No. 00–56209.

D.C. No. CV–99–09780–GHK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Debden–Moss's requests for oral argument and appointment of standby counsel for oral argument are denied as moot.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Marc Debden–Moss appeals pro se the district court's order forfeiting to the government one Cartier Gold & Diamond Watch, one Cabochon Gold & Emerald Ring, one Gold Tennis Bracelet, and one Cartier Leather Briefcase (defendants). The forfeiture was ordered pursuant to 18 U.S.C. § 981(a)(1)(A), as a result of Debden–Moss' conviction for eight counts of wire fraud, eleven counts of money laundering, and two counts of income tax evasion, in violation of 18 U.S.C. §§ 1343, 1956(a)(1)(A)(i), 1957, and 26 U.S.C. § 7201, respectively. We have jurisdiction pursuant 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Debden–Moss contends that the district court erred by concluding that he lacked standing to challenge the forfeiture of defendants. We review de novo,[1] *United States v. Real Property Known as 22249 Dolorosa Street, Woodland Hills, California*, 167 F.3d 509, 511 (9th Cir.1999), and find Debden–Moss' contention unavailing.

In order to have standing to challenge a forfeiture, a claimant must allege some type of possesory or ownership interest in the property to be forfeited. *See United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057–58 (9th Cir.1994). Although Debden–Moss initially claimed that he owned defendants, his subsequent pleadings repeatedly stated that he paid defendants to an employee as earned commission and wages. Consequently, the district court properly determined that Debden–Moss passed title in defendants to his employee, and thus pleaded himself out of court. *See Cline v. Industrial Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1232 (stating that a plaintiff can plead himself out of court by pleading facts contrary to his claim); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783 n. 1 (9th Cir.1997) (same).

To the extent that Debden–Moss' pleadings suggest that he has an interest in defendants because the employee owes him "an amount [of money] greater than the value of the defendants," as a purported unsecured creditor, Debden–Moss does not have standing to challenge the forfeiture. *See United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 346–47 (9th Cir. 1994).

Accordingly, the district court did not err in finding that Debden–Moss lacked standing to challenge the forfeiture of defendants.

AFFIRMED.

1. Because Debden–Moss has alleged facts and submitted documents on appeal that were not presented to the district court, they are not part of the record on appeal and will not be considered. *See Export Group v. Reef Indus. Inc.*, 54 F.3d 1466, 1471 (9th Cir.1995); *Partridge v. Reich*, 141 F.3d 920, 926 n. 4 (9th Cir.1998). Accordingly, the government's motion to strike appellant's affidavit submitted with appellant's reply brief is granted. *See* Fed. R.App. P. 10(a).