FILED

OCT 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-16336 |
| Plaintiff - Appellee, | D.C. No. 1:10-cv-00200-JMS-RLP |
| SAMUEL KORNHAUSER, | |
| Claimant - Appellant, | MEMORANDUM[*] |
| and | |
| WILL BLOCK; LIFE ENHANCEMENT PRODUCTS, INC., | |
| Claimants, | |
| v. | |
| ONE HUNDRED THIRTY-THREE (133) UNITED STATES POSTAL SERVICE MONEY ORDERS TOTALING $127,479.24 IN UNITED STATES CURRENCY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 16, 2012
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

Samuel Kornhauser appeals the district court's order striking his claim for lack of standing and granting summary judgment. We affirm. Because the parties are familiar with the facts of this case, we need not recite them here.

I

The district court properly concluded that Kornhauser lacked standing to assert a claim in this civil forfeiture action. A civil forfeiture claimant demonstrates Article III standing by showing he has a "'colorable interest in the property,'" which includes "an ownership interest or a possessory interest" in the specific seized property. *United States v. $133,420 in U.S. Currency*, 672 F.3d 629, 637-38 (9th Cir. 2012) (citation omitted). General unsecured creditors of the person whose property was seized lack a sufficient property interest to have standing to challenge the government's civil forfeiture. *See* 18 U.S.C. § 983(d)(6)(B)(i) (excluding "a person with only a general unsecured interest in, or claim against, the property or state of another" from the definition of an owner); *see also United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 346 (9th Cir.

1994) ("unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property").

Kornhauser claims a colorable interest in the seized assets by virtue of a promissory note to Kornhauser executed by the sole shareholder of Life Enhancement Products, Inc. ("LEPI") for legal fees. The promissory note grants a second lien on the shareholder's LEPI stock and provides that Kornhauser may demand additional collateral in the event of market decline of the stock. The record does not contain evidence that Kornhauser perfected his secured interest or that he has executed on the LEPI stock.

LEPI had acquired a judgment in California against one of the people whose assets were subject to civil forfeiture. However, that judgment was not recorded, and the district court properly determined that LEPI was an only unsecured creditor at the time of forfeiture and therefore lacked standing. LEPI did not appeal this determination.

At the time of the proceeding, Kornhauser held, at best, an inchoate interest in the corporate stock of LEPI, an unsecured creditor. His claim for ownership interest in the specific forfeited property is far more attenuated than LEPI's claim. Thus, the district court properly determined that Kornhauser lacked standing.

Kornhauser cites *United States v. $4,224,958.57*, 392 F.3d 1002 (9th Cir. 2004) ("*Boylan*"), but his reliance is misplaced. As the district court noted, *Boylan* involved seized assets that could be directly traced back to defrauded depositors under a theory of constructive trust. *Boylan* thus recognized an alternate, equitable theory for establishing secured creditor status; it did not abrogate the rule that general unsecured creditors of a debtor whose assets are forfeited do not have a sufficient ownership interest in the seized assets to have standing.

II

The district court also held that LEPI and Kornhauser lacked standing under a constructive trust theory. Even assuming *arguendo* that LEPI might have been entitled to a constructive trust for its benefit, Kornhauser was not. Kornhauser cannot collect on LEPI's California judgment simply because he allegedly has a security interest in the company. California law limits those who can collect on a judgment to "the person in whose favor judgment is rendered," an "assignee of record," or "the guardian or conservator of the estate, personal representative, or other successor in interest of the judgment creditor or assignee of record." Cal. Civ. Proc. Code § 680.240. To the extent Kornhauser suggests he was assigned an interest in LEPI's judgment, that argument is not supported by the record.

-4-

Moreover, Kornhauser's claim is dependent upon his ability to reverse-pierce LEPI's corporate veil to satisfy his claim against the shareholder. But California law does not permit outside reverse veil-piercing. *See Postal Instant Press, Inc. v. Kaswa Corp.*, 77 Cal. Rptr. 3d 96 (Cal. Ct. App. 2008); *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) ("We 'must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently." (citation omitted)). Therefore, the district court correctly struck Kornhauser's claim for lack of standing.

**AFFIRMED.**