NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-35394 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00132-RAJ |
| v. | MEMORANDUM[*] |
| KIMBERLY GUADALUPE, | |
| Claimant-Appellant, | |
| v. | |
| MICHAEL SCOTT MORGAN, Jr., | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted March 29, 2023
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,[**] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Philip S. Gutierrez, Chief United States District Judge
for the Central District of California, sitting by designation.

A search warrant was executed at Kimberly Guadalupe's home as part of an investigation into her ex-boyfriend, Michael Morgan. Morgan later pleaded guilty to conspiracy to distribute drugs, unlawful possession of a firearm, and money laundering, and he agreed to forfeit money and jewelry recovered during the search. Guadalupe filed a petition under 21 U.S.C. § 853(n) claiming that the forfeited items were solely her property or that of her minor son. She also sought the return of certain non-forfeited seized property under Federal Rule of Criminal Procedure 41(g). The district court denied relief. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. A third party seeking the return of forfeited property can file a petition stating "the nature and extent" of the petitioner's interest in the property, "the time and circumstances" of the petitioner's acquisition of the interest in the property, and "any additional facts supporting the petitioner's claim." 21 U.S.C. § 853(n). The petitioner must show by a preponderance of the evidence either (1) that her interest was superior to the defendant's interest in the property at the time of the criminal activity or (2) that she is a bona fide purchaser for value. *Id.*

a. As to the seized cash, Guadalupe admitted that it was a reserve that Morgan took from and added to "all the time" and that she did not keep an accounting. Guadalupe presented no evidence as to how much of the seized currency was legitimately obtained. The district court therefore did not err in concluding that she

2

had failed to create an issue of material fact entitling her to return of the cash under § 853(n). *See United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 347 (9th Cir. 1994).[1]

b. Guadalupe is likewise not entitled to return of the seized jewelry. Although she claimed ownership of specific pieces of jewelry, she has presented no evidence of a vested or superior property interest *at the time* of Morgan's criminal acts. § 853(n)(6)(A); *see United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000). Guadalupe generally alleged that she acquired the jewelry "over 20 years" but could not say which pieces of jewelry were acquired before the conspiracy.[2]

Neither has Guadalupe shown that she was a bona fide purchaser of the seized jewelry. She expressly disclaimed it in her deposition, and never testified whether the funds used to purchase the jewelry were legitimately obtained; she merely presented evidence that she had an income that *could* have been used to purchase the jewelry.

---

[1] The parties contest whether the district court dismissed Guadalupe's petition for failure to state a claim or for failure to create a genuine issue of material fact. Fed. R. Crim. P. 32.2(c)(1). Although the order could conceivably be read as the failure to state a claim, the district court's conclusion was based on its evaluation of the evidence, not plausibility, and the parties engaged in discovery. We therefore review the order under the summary judgment standard.

[2] Although Guadalupe claimed that some of the jewelry was a gift from Morgan to their son, she presented no evidence that her son was a bona fide purchaser or had an interest superior to Morgan at the time of the criminal activity.

3

2.     The district court's refusal to return the property did not violate the Constitution. The inability of a § 853(n) petitioner to challenge the underlying forfeiture does not violate due process, *United States v. 101 Houseco, LLC*, 22 F.4th 843, 850–51 (9th Cir. 2022), and in any event, the district court did not rely on Morgan's plea agreement in its § 853(n) analysis. And because Guadalupe has not shown the requisite interest in any of the property forfeited, she has not been "punished" under the Eighth Amendment. *United States v. Bajakajian*, 524 U.S. 321, 328 (1998).

3.     As to the non-forfeited property, Guadalupe had the burden of showing both that the property's seizure was illegal and that she was "entitled to lawful possession." *United States v. Wright*, 49 F.4th 1221, 1225 (9th Cir. 2022). When the district court denied Guadalupe's motion,[3] one of Morgan's co-defendants remained at large, and another was still eligible to file a 28 U.S.C. § 2255 petition. Because Guadalupe does not contest the lawfulness of the seizure, the district court correctly held that she was not yet entitled to the return of the property.[4]

**AFFIRMED**.

---

[3]     The government conceded at oral argument that because both cases have now resolved, Guadalupe may refile her Rule 41(g) motion.

[4]     Guadalupe argues for the first time in her reply brief that the government unconstitutionally delayed pursuing forfeiture proceedings. We decline to address the argument. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).