**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Louis JIMERSON, Defendant,**

**Mary Lou Jimerson, Third–Party Petitioner–Appellant.**

No. 91–4240.

United States Court of Appeals, Eleventh Circuit.

Nov. 3, 1993.

**1454**

James R. Robison, Sikeston, MO, for appellant.

Anthony J. LaSpada, Tampa, FL, for Deft.

Paul Alan Sprowls, Asst. U.S. Atty., Tallahassee, FL, for appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and RONEY, Senior Circuit Judge.

PER CURIAM:

I.

On August 30, 1991, in the United States District Court for the Northern District of Florida, Louis Jimerson was adjudged guilty of conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (1981). As a result of that conviction, Jimerson's interest in a Sikeston, Missouri, residence that he owned jointly with his wife, appellant Mary Lou Jimerson, as tenants by the entireties, was forfeited to the Government pursuant to 21 U.S.C. § 853 (1981).

Following this forfeiture, Mary Lou Jimerson petitioned the district court, pursuant to 21 U.S.C. § 853(n), to convey the forfeited interest in the residence to her because she was an "innocent owner" thereof, as a tenant by the entireties.

The district court, concluding that Mrs. Jimerson's proof of innocent ownership was lacking, denied her petition and authorized the Government to sell the residence.[1] Mrs. Jimerson now appeals.

II.

The relevant part of the forfeiture statute in this case, 21 U.S.C. § 853(a), describes property subject to criminal forfeiture. The subsection provides as follows:

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

. . . .

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. . . .

21 U.S.C. § 853(a). Here, Louis Jimerson forfeited his interest in the family residence to the United States because he used that property to facilitate the commission of the drug offense for which he was convicted. The judgment of forfeiture did not affect Mary Lou's interest in the residence. Rather, she continues to hold an indivisible one-half interest in the entire residence property.[2] Thus, the only property interest taken by the Government is the interest held by Louis Jimerson.

III.

Even though Mrs. Jimerson's interest in the property is unaffected by her husband's forfeiture to the Government, Mary Lou nonetheless raises a claim to her hus-

---

1. Apparently, such authorization included Mrs. Jimerson's interest in the residence, even though her interest had not been forfeited to the United States and, consequently, could not be conveyed to a purchaser.

2. Mary Lou maintains her interest as a tenant by the entireties because she and Louis are still married.

band's forfeited property interest under 21 U.S.C. § 853(n). The relevant portions of § 853(n), which provides a mechanism for third parties to lay claim to criminally forfeited property, reads as follows:

> (2) Any person, other than the defendant, asserting a legal interest in property forfeited to the United States pursuant to this section may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property....
>
> ....
>
> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of evidence that—
>
>> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>>
>> (B) The petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n). Thus, section 853(n) allows a third party to defeat the government's claim to forfeited property in one of two ways: by establishing that her own interest is superior to that of the defendant's or by demonstrating that she was a bona fide purchaser of the property, that is, one who purchased the property for value reasonable without any cause to believe that the property was subject to forfeiture.

Mrs. Jimerson cannot prevail in this case on either theory. The very nature of the tenancy by the entireties prevents Mrs. Jimerson from claiming that her title is superior to her husband's.[3] As to the purchaser for value provision, Mary Lou makes no argument that she was a bona fide purchaser, and this court can discern no facts that would support such a finding. Mrs. Jimerson's only claim under section 853(n) is based on her status as an innocent owner. Section 853, however, does not contain an innocent owner provision; as a result, her alleged innocence, standing alone, cannot defeat the Government's interest in criminally forfeited property.[4]

## IV.

Instead of entertaining appellant's petition and deciding whether she was an innocent owner of the forfeited property interest, the district court should have dismissed appellant's petition for the reasons stated in part III above. Accordingly, we vacate the district court's judgment and remand the case with instructions that the district court dismiss the instant petition without prejudice.

IT IS SO ORDERED.

---

3. Under the laws of both Florida and Missouri, a valid tenancy by the entireties requires that the spouses' interest be identical and that they commence simultaneously. *In re Guardianship of Medley*, 573 So.2d 892, 899–900 (Fla.App. 2 Dist. 1990); *United States Fidelity and Guar. Co. v. Hiles*, 670 S.W.2d 134, 137 (Mo.App.1984).

4. The "innocent owner" provision is a component of 21 U.S.C. § 881, the civil forfeiture statute, and cannot be relied on as a defense to a criminal forfeiture under section 853. *See* 21 U.S.C. § 881(a)(7). *See also United States v. Bissell*, 866 F.2d 1343, 1348 n. 3 (11th Cir.), *cert. denied*, 493 U.S. 849, 110 S.Ct. 146, 107 L.Ed.2d 104, *and* 493 U.S. 876, 110 S.Ct. 213, 107 L.Ed.2d 166 (1989) (discussing differences between civil and criminal forfeiture).