**UNITED STATES of America, Plaintiff,**

v.

**Benjamin Earl SMITH, Jr., Defendant.**

**No. 92–105–CR–ORL–19.**

United States District Court,
M.D. Florida,
at Orlando.

Jan. 19, 1994.

Asst. U.S. Atty., for defendant.

**ORDER**

FAWSETT, District Judge.

This case comes before the Court upon the Motion of Third–Party Petitioners Lynn J.

Smith and Four Minor Children for Evidentiary Hearing or Such Other Hearing as the Court Might Deem Necessary to Establish Ownership (Doc. No. 308, filed December 13, 1993), Petitioner's Motion for Trial by Jury (Doc. No. 309, filed December 13, 1993), Affidavit of Lynn J. Smith (Doc. No. 312, filed December 13, 1993) and Omnibus Response of the United States of America to Claim and Motions of Lynn J. Smith (Doc. No. 315, filed December 22, 1993).

The criminal forfeiture proceeding in this case concerns Benjamin Earl Smith, Jr.'s interest in the Eatonville Motel which was forfeited pursuant to this Court's Preliminary Order of Forfeiture entered on May 19, 1993. Lynn J. Smith, wife of Benjamin Earl Smith, Jr., has filed a claim on behalf of herself and her four minor children under 21 U.S.C. § 853(n).

Petitioner Lynn J. Smith contends that she and her four children have a beneficiary interest in the Eatonville Motel located at 421–427 Kennedy Avenue in Eatonville, Florida. This beneficiary interest arose from an alleged verbal agreement between Petitioner Smith and her husband, Benjamin Earl Smith, Jr. She states that such agreement has been in effect since August 28, 1979. Petitioner Smith maintains that she and her children are entitled to a trial by jury to prove their claim of innocent ownership giving them a property interest in the forfeited motel.

The United States of America ("Government") brings this criminal forfeiture proceeding pursuant to 21 U.S.C. § 853. Section 853(n) provides that any person, other than the defendant, who asserts an interest in property forfeited to the Government may petition the Court for a hearing, without a jury, to adjudicate the validity of the petitioner's alleged interest in the property. 21 U.S.C. § 853(n)(2). A petitioner claiming an interest in forfeited property must establish that he or she has an interest in the subject property which was superior to the interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture or that the petitioner is a bona fide purchaser for value and at the time of the purchase did not have reason to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(A)–(B).

The innocent owner defense which Petitioner Smith raises is available as a defense under the civil forfeiture statute and cannot be relied upon as a defense to criminal forfeiture. *United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir.1993). Therefore, Petitioner Smith must prove that her own interest is superior to that of her husband's or that she is a bona fide purchaser of the property. Petitioner's Motion and Affidavit do not allege facts which support this claim to the forfeited property.

Petitioner cites cases supporting her theory that as a spouse and guardian of Defendant's children, she has a beneficiary interest in the property. *See United States v. One Single Family Residence Located at 15621 S.W. 209th Avenue*, 894 F.2d 1511 (11th Cir. 1990) (in civil forfeiture proceeding, wife may claim innocent owner defense in property held in tenancy by the entirety); *United States v. Santoro*, 866 F.2d 1538 (4th Cir. 1989) (a quit-claim deed executed by the ex-spouse pursuant to a separation agreement created an express trust for the maintenance and support of the children; therefore, the children held beneficiary interests in the property subject to the civil forfeiture proceeding). The cases cited by Petitioner Smith involve civil forfeiture statutes in which the innocent owner defense is available. Further, *United States v. Santoro* recognized that the children of the defendant held beneficiary interests because of an executed quit-claim deed and a separation agreement.

Petitioner Smith does not allege that she has a title, deed, or contract which evidences her alleged fifty percent interest in the subject property. Instead, Petitioner Smith bases her right, title, or interest in the property on an oral agreement which does not satisfy the Statute of Frauds. *See* Fla.Stat. § 689.01 (an interest in land for a term of more than one year must be created by a written instrument).

Because Petitioner Smith is not a bona fide purchaser of the interest she claims in the Eatonville Motel and she does not claim an

interest superior to the Defendant's which satisfies the requirements of law, Petitioner Smith cannot establish that she has a legal right, title, or interest to the property. Accordingly, the Motion of Petitioner Lynn J. Smith and Four Minor Children for Evidentiary Hearing or Such Other Hearing as the Court Might Deem Necessary to Establishing Ownership (Doc. No. 308) and Petitioner's Motion for Trial by Jury (Doc. No. 309) are **DENIED.**

The preliminary pretrial conference which was scheduled in this case for Tuesday, January 25, 1994 at 8:00 a.m. (Order at Doc. No. 314, filed December 16, 1994) is hereby **CANCELLED.**

**DONE AND ORDERED.**