**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**RANCH LOCATED IN YOUNG, ARIZONA, With all Appurtenances and Improvements Thereon, Defendant,**

and

**Marguerite Lucas Maiello,
Claimant–Appellant.**

No. 93–15568.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 1994.

Decided Jan. 4, 1995.

Order and Opinion Filed March 21, 1995.

Richard J. Inglis, Gargiulo, Rudnick & Gargiulo, Boston, MA, for claimant-appellant.

Reid Charles Pixler, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before: FARRIS, BOOCHEVER, and BRUNETTI, Circuit Judges.

## ORDER

The memorandum disposition filed January 4, 1995, is redesignated as an authored opinion by Judge Farris.

## OPINION

FARRIS, Circuit Judge:

The question presented is whether Arizona's Uniform Fraudulent Transfer Act prevented Marguerite Maiello from acquiring an interest in the defendant property and from asserting the "innocent owner" defense under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) to a forfeiture of the property.

### I. FACTS

Michael Maiello and Marguerite Maiello are husband and wife and the sole stockholders of Jojoba Productions, Inc. In April 1989 Jojoba Productions purchased the defendant property. In September 1989 Michael Maiello arranged a transaction that purportedly gave title of the defendant property to Jane Holzer but allowed Michael Maiello to be the actual owner. Jojoba Productions issued a Directors' Resolution stating that the company owed Michael Maiello the sum of $350,000, and that in repayment of this debt Michael Maiello had agreed to accept the defendant property. The Resolution further stated that Michael Maiello was indebted to Holzer in the amount of $350,000, and that it was Michael Maiello's desire that the defendant property be transferred directly to Holzer. That same day the parties recorded a deed transferring the defendant property from Jojoba Productions to Jane Holzer. Holzer paid for the property by writing checks to both Michael Maiello and Jojoba Productions. Michael Maiello made cash payments back to Holzer to cover the amounts of the checks.

In April 1992, a federal grand jury indicted Michael Maiello for conspiracy to distribute marijuana and for possession with intent to distribute marijuana.[1] Count ten of the indictment found that Michael Maiello tried to conceal drug proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) by attempting to falsely transfer legal title of the defendant property to Jane Holzer. According to the indictment, "he was afraid that Law Enforcement would seize the property unless it was deeded into somebody else's name."

In October 1992, the United States filed an action *in rem* seeking forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. · § 981(a)(1)(A).[2] Marguerite Maiello asserted that she has a community property interest because Michael Maiello owns the property. She asserted that she is an "innocent owner" under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1). The district court granted the government's motion for summary judgment. It ruled that Jojoba Productions, not Michael Maiello, owned the defendant property, and

---

**1.** Specifically, Michael Maiello was indicted for violations of 21 U.S.C. § 846, 21 U.S.C. § 841, 18 U.S.C. § 1956, and 21 U.S.C. § 853.

**2.** 21 U.S.C. § 881(a)(6) provides:

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . . . .
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intend-

ed to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The relevant portion of 18 U.S.C. § 981(a)(1)(A) provides:

> [T]he following property is subject to forfeiture to the United States:
>
> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) or 5324(a) of title 31, or of section 1956 [money laundering] or 1957 of this title, or any property traceable to such property.

therefore Marguerite Maiello did not have standing. Marguerite Maiello appeals.

## II. ANALYSIS

We review the district court's grant of summary judgment *de novo. Jones v. Union Pac. R.R. Co.,* 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to Marguerite Maiello, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire and Casualty Co.,* 873 F.2d 1338, 1339–40 (9th Cir.1989).

To have standing, Marguerite Maiello must establish her ownership interest in the defendant property. In drug forfeiture actions, ownership of property is determined by state law. *United States v. 1977 Porsche Carrera,* 946 F.2d 30, 34 (5th Cir. 1991); *see also United States v. One Single Family Residence,* 894 F.2d 1511, 1514 (11th Cir.1990) (applying Florida law).

Marguerite Maiello's argument is that Michael Maiello owns the defendant property, and therefore, she has a community property interest. Her claim fails, however, because Michael Maiello never in fact acquired an ownership interest. Under Arizona's Uniform Fraudulent Transfer Law, Ariz.Rev. Stat.Ann. § 44–1001 to –1010 (1994), a transfer is fraudulent if it is made with "actual intent to hinder, delay or defraud any creditor of the debtor." Ariz.Rev.Stat.Ann. § 44–1004 (1994).

The record reflects that both Jojoba Productions and Jane Holzer actually intended to prevent the government from seizing the defendant property. The government averred that Michael Maiello arranged the sham transaction to prevent the government from seizing the defendant property. Marguerite Maiello does not deny this allegation. Her affidavit claimed merely that if it was a sham transaction, she had no knowledge of it. Jane Holzer also knew that law enforcement officials were investigating Michael Maiello, and agreed to acquire title falsely to help him protect the property.[3]

The United States is a "creditor" under the statute if it has a "claim" to the property. Ariz.Rev.Stat.Ann. § 44–1001(3) (1994). The Act defines a claim as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." Ariz.Rev.Stat.Ann. § 44–1001(2) (1994). The United States acquired a claim to the property when Jojoba Productions tried to transfer the property to Michael Maiello through Jane Holzer. Jojoba Productions's attempted transaction violated the money laundering prohibitions of 18 U.S.C. § 1956, making the property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) (Supp.1993). The requirements of Arizona's Uniform Fraudulent Transfer Law have been satisfied. The entire transaction was voidable, and ownership of the property remained with Jojoba Productions.[4] Ariz.Rev.Stat. Ann. § 44–1007(A)(2) (1994).

Marguerite Maiello contends that the summary judgment should be reversed in light of the Supreme Court's decision in *United States v. 92 Buena Vista Ave., Rumson, N.J.,* —— U.S. ——, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993). In *Buena Vista* the Supreme Court held that the government may not seize property from innocent owners who acquire the property before the government obtains a judgment of forfeiture. *Id.* at ——, 113 S.Ct. at 1137. For *Buena Vista* to apply, however, Marguerite Maiello must be an owner of the property. She is not.

AFFIRMED.

---

3. Jane Holzer had no role in the marijuana prosecution and cooperated with law enforcement officials during the investigation.

4. Because both Jojoba Productions and Jane Holzer actually intended to create a fraudulent transfer, we need not consider whether the UFTA applies in a situation where one party acquires property as an innocent owner, raising the question whether the UFTA conflicts with the federal innocent owner defense.