UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard J. LESTER, Defendant,

and

Sheila Lester, Petitioner–
Claimant–Appellant.

Nos. 94–10583, 95–10288.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 1996.

Decided June 6, 1996.

Reid Charles Pixler, Assistant United States Attorney, Phoenix, Arizona, for plaintiff-appellee.

Edward M. Mansfield, Lewis and Roca, Phoenix, Arizona, for petitioner-appellant.

Before HUG, Chief Judge, and SNEED and KLEINFELD, Circuit Judges.

HUG, Chief Judge:

Sheila Lester appeals the district court's order forfeiting her interest in certain real property located at 100 Indianola Road in Eureka, California (the "Indianola property"). Mrs. Lester's interest in the Indianola property was forfeited, pursuant to 21 U.S.C. § 853(p), in connection with the conviction of her husband, Richard Lester. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

## I

### Background

In September 1992, the Government filed an indictment charging Mr. Lester and others with conspiracy to possess with intent to distribute marijuana. Mrs. Lester was not indicted, and there is no allegation that she was involved in any wrongdoing. On December 2, 1993, the Government filed a superseding indictment which added a criminal forfeiture count under 21 U.S.C. § 853. The count alleged that $2.5 million was forfeitable by Mr. Lester as proceeds of the conspiracy. On March 30, 1994, the jury found Mr. Lester guilty and returned a special verdict in favor of the Government on the forfeiture count.

At the sentencing hearing, the Government chose not to seek forfeiture of Mr. Lester's property, pursuant to 21 U.S.C. § 853(a), as property linked to his criminal activities. Instead, the Government elected to proceed under the "substitute property" provisions contained in 21 U.S.C. § 853(p), whereby, if any of a defendant's forfeitable assets are unavailable due to an enumerated act or omission of the defendant, the court can "order the forfeiture of any other property of the defendant." Pursuant to this section, the

district court entered a preliminary order of forfeiture of various properties which Mr. Lester owned or had an interest in, including the Indianola property.

The Lesters' interest in the Indianola property can be summarized as follows. Mr. and Mrs. Lester were sole owners of a California corporation, Active Investments, Inc. Active Investments owned 3/8 of the limited partnership known as "Indianola Road Properties" or "Indianola Properties," and this partnership in turn owned the Indianola property. Thus, Mr. and Mrs. Lester, through Active Investments' interest in the limited partnership, owned 3/8 of the Indianola property.[1]

On June 23, 1994, Mrs. Lester filed a petition alleging an interest in the Indianola property and seeking a hearing on the matter pursuant to 21 U.S.C. § 853(n).[2] At the hearing, Mrs. Lester argued that, through her 50% ownership interest in Active Investments, she was entitled to a 3/16 interest in the Indianola property and that her interest was not subject to forfeiture under section 853(p).

The Government acknowledged that Mrs. Lester had a community property interest in Active Investments, but argued that, under California law, both spouses' interests in the community property could be forfeited to satisfy Mr. Lester's $2.5 million "debt" to the United States. The district court agreed and denied Mrs. Lester's petition and upheld the forfeiture of the Lesters' entire 3/8 interest in the Indianola property. Mrs. Lester timely appeals.

## II

### Standard of Review

■ We review the district court's findings of fact for clear error, and its legal

---

**1.** The Lesters owned 100% of the stock in a corporation, the corporation owned a 3/8 interest in a partnership, and the partnership owned real estate, so it appears that the Lesters owned no interest in the real estate whatsoever. They owned shares of stock in a corporation. The Government sought forfeiture of the real estate, in which neither of the Lesters owned any interest, instead of seeking forfeiture of their stock, which they did own. No evidence has been brought to our attention which established that the corporation or the partnership was a sham or

alter ego, or that the corporate veil should be pierced. But the parties have not raised this issue, on either side, and both sides have litigated on the assumption that what the Lesters owned was a 3/8 interest in the real estate, so we proceed on that basis.

**2.** Mrs. Lester initially asserted an interest in other property subject to forfeiture. These claims, however were abandoned during the proceedings below and thus are not involved in this appeal.

conclusions de novo. *Brooker v. Desert Hosp. Corp.,* 947 F.2d 412, 415 (9th Cir.1991); *see also United States v. Ripinsky,* 20 F.3d 359, 361 (9th Cir.1994) ("[t]he interpretation of a statute is a question of law reviewed de novo").

## III

## Discussion

In this appeal, we are required to determine whether the Government can use the "substitute property" provision in the criminal forfeiture statute, 21 U.S.C. § 853(p), to seize an innocent spouse's interest in community property to satisfy the forfeiture obligations of the guilty spouse.[3]

The criminal forfeiture statute, 21 U.S.C. § 853, provides:

(a) **Property subject to criminal forfeiture**

Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law-

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. . . .

. . . .

(p) **Forfeiture of substitute property**

If any of the property described in subsection (a) of this section, as a result of any act or omission of the defendant-

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other *property of the defendant* up to the value of any property described in paragraphs (1) through (5).

21 U.S.C. §§ 853(a) and (p) (emphasis added).

When an order of forfeiture has been entered under section 853, a third party claiming an interest in the property may petition the court for a hearing to adjudicate his or her legal interest in the property pursuant to 21 U.S.C. § 853(n). Section 853(n) provides, in relevant part,

(1) Following the entry of an order of forfeiture under this section, . . .

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property. . . .

. . . .

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that-

(A) the petitioner has a legal right, title or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . .

. . . .

---

**3.** At the onset, we note that this case does not involve the Government's right to forfeiture of community property which is directly or indirectly linked to the criminal activity of the guilty spouse. *See* 21 U.S.C. § 853(a). Instead, this appeal involves "substitute property," which by its very nature is "not connected to the underlying crime." *Ripinsky,* 20 F.3d at 362, 21 U.S.C. § 853(p).

the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n).

■ "In drug forfeiture actions, ownership of property is determined by state law." *See United States v. Ranch Located in Young, Arizona,* 50 F.3d 630, 632 (9th Cir.1995); *see also United States v. Yazell,* 382 U.S. 341, 352–53, 86 S.Ct. 500, 506–07, 15 L.Ed.2d 404 (1965); *United States v. Smith,* 966 F.2d 1045, 1054 n. 10 (6th Cir.1992) ("because forfeiture proceedings implicate property rights which have traditionally been measured in terms of state law, and because section 853 contains no rule . . ., it is appropriate to refer to state law"); *United States v. Certain Real Property at 2525 Leroy Lane,* 910 F.2d 343, 348 (6th Cir.1990) (observing that "[p]roperty interests have long been acquired and defined by state law"), *cert denied,* 499 U.S. 947, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991). Once the ownership interests are defined under state law, however, the federal forfeiture statutes determine whether those property interests must be forfeited to the Government.

Here, the parties agree that the law of California, where the Indianola property is located and where the Lesters resided during the relevant time period, applies. Under California law, "[e]xcept as otherwise provided by statute, all property, real or personal . . . acquired by a married person during the marriage while domiciled in [California] is community property." Cal. Fam.Code § 760 (West 1994). Thus, "[p]roperty acquired by purchase during a marriage is presumed to be community property." *In re Marriage of Marsden,* 130 Cal.App.3d 426, 181 Cal.Rptr. 910, 918 (1982). Accordingly, the Lesters' 3/8 interest in the Indianola property, acquired during the marriage while the Lesters were domiciled in California, is presumed to be community property.[4]

Under California law, "each spouse has a vested undivided one-half interest in the community property." *See Estate of Wilson,* 183 Cal.App.3d 67, 227 Cal.Rptr. 794, 798 (1986); Cal. Fam.Code § 751 (West 1994) ("[t]he respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing, and equal interests"). Thus, under California law, both Mr. Lester and Mrs. Lester have an undivided one-half ownership interest in their 3/8 interest in the Indianola property.

Having established the ownership interests, under state law, of both relevant parties—Mr. Lester, the defendant, and Mrs. Lester, the third party claiming an interest in the forfeited property—we can now look to federal law to determine whether Mrs. Lester's ownership interest in the Indianola property may be forfeited pursuant to section 853(p).

■ The plain language of section 853 provides instructive guidance. Section 853(p) states that only the substitute *"property of the defendant"* may be forfeited to the Government. 21 U.S.C. § 853(p) (emphasis added). Moreover, section 853(n)(6)(A) provides

---

**4.** On appeal, Mrs. Lester contends that her ownership interest in Active Investments should be considered her separate property, and thus, not subject to criminal forfeiture based on her husband's conviction. This argument may have merit.

At the time Active Investments was formed, 50% of the shares of stock in the corporation was issued solely in Mrs. Lester's name and the other 50% in Mr. Lester's name. This demarcation of the shares as the separate property of each spouse may be sufficient to rebut the presumption that the shares in Active Investments are community property. *See* Cal. Fam.Code § 770(a)(2) ("[s]eparate property of a married person includes . . . [a]ll property acquired by the person after marriage by gift . . ."); *Johnson v. Johnson,* 214 Cal.App.2d 29, 29 Cal.Rptr. 179, 182 (1963) ("if a husband transfers his communi-

ty property to his wife, the mere fact of transfer raises a presumption that he intended the transfer to be a gift"); *but cf.,* Cal. Fam.Code § 852(a) (requiring that transmutations of property from community to separate property be accompanied by an express declaration "made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected").

Nevertheless, because we hold that Mrs. Lester's community property interest is not subject to forfeiture and because this interest is identical to her alleged separate property interest in the shares of Active Investments, we need not resolve the issue of whether the issuance of the shares would suffice to transmute the shares into separate property or whether the provision in the California Family Code requiring an express declaration is even applicable given that neither Mr. nor Mrs. Lester were "adversely affected."

that a third party claiming an interest in the property may "render[ ] the order of forfeiture invalid in whole or in part [if] the right, title, or interest [in the forfeited property] was vested in the [third party] rather than the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section...." As stated above, under California law, Mrs. Lester has "a vested undivided one-half interest in the community property." *Estate of Wilson,* 227 Cal.Rptr. at 798. Thus, under the plain language of section 853(p) and section 853(n)(6)(A), the defendant, Mr. Lester, owns an undivided one-half interest in the Lesters' 3/8 interest in the Indianola property which is subject to forfeiture, and Mrs. Lester owns a vested undivided one-half interest in the Lesters' 3/8 interest in the Indianola property which is not subject to forfeiture. *See id.*; 21 U.S.C. §§ 853(n)(6)(A) and (p).

■ Our holding not only comports with the plain language of section 853, but it also is consistent with the underlying legal proposition that "[a] criminal forfeiture is an *in personam* judgment *against a person convicted of a crime.*" *United States v. $814,-254.76 in United States Currency,* 51 F.3d 207, 210–11 (9th Cir.1995) (emphasis added); *see also Certain Real Property at 2525 Leroy Lane,* 910 F.2d at 346 (section 853 "authorize[s] an *in personam* action *against a defendant* in a criminal case, and forfeiture in such a case is imposed as a sanction *against the defendant* upon his conviction." (emphasis added)); *In re Moffitt, Zwerling & Kemler, P.C.,* 875 F.Supp. 1152, 1162 (E.D.Va.1995) ("criminal forfeiture of substitute assets is available against a defendant, but not against a third party"). Our decision also heeds the Supreme Court's recent admonition that "[i]mproperly used, forfeiture could become more like a roulette wheel employed to raise revenues from innocent but hapless owners

..., or a tool wielded to punish those who associate with criminals, [rather] than a component of a system of justice." *Bennis v. Michigan,* — U.S. —, —, 116 S.Ct. 994, 1003, 134 L.Ed.2d 68 (U.S.Mich 1996) (Thomas, J., concurring);[5] *see also Certain Real Property at 2525 Leroy Lane,* 910 F.2d at 349 ("[t]he protection of the interest of an innocent owner ... is not inconsistent with federal forfeiture policy"); *United States v. Tanner,* 853 F.Supp. 190, 197 (W.D.Va.1994) ("The court understands that the purpose of 21 U.S.C. § 853(c), vesting in the United States title to forfeited property, is not to divest innocent persons of their legitimate interests in property.").

■ Unfortunately, instead of looking to the statute and federal law to determine whether Mrs. Lester's interest in the Indianola property could be forfeited, both the Government and the district court mistakenly rely on California state law. Having done so, they easily, albeit erroneously, come to the conclusion that (1) under California law, the marital community "is liable for a debt incurred by either spouse ... during marriage;"[6] (2) a "debt," under California law, is "an obligation incurred by a married person before or during marriage, whether based on contract, tort, or otherwise;" and (3) this definition of "debt" subject to community liability encompasses the obligations which arises from a criminal forfeiture action against a spouse. While the legal analysis may be sound, the underlying premise—that we look to state law rather than to the statute and federal law to determine this issue—is not. As discussed above, the federal statute and case law determines the permissible reach of section 853 and makes clear that that reach does not extend to the community property interest of an innocent spouse in substitute property.[7]

---

5. In *Bennis,* the Court held that there was no federal constitutional violation when an innocent wife's joint ownership interest in an automobile was forfeited under a state nuisance abatement statute because the husband had used the vehicle as the setting for a sexual liaison with a prostitute. — U.S. —, 116 S.Ct. 994, 134 L.Ed.2d 68 (U.S.Mich. 1996). Because the case involves a state statute and property forfeited as a result

of its use in a criminal activity, its holding does not control in this case.

6. *See* Cal. Fam.Code § 910 (West 1994).

7. Our decision in *In re Soderling* is not inconsistent with our holding today. *See* 998 F.2d 730, 733 (9th Cir.1993). In *In re Soderling,* we determined that for purposes of dischargeablity in bankruptcy, a criminal restitution order was a

Other courts also have considered whether an innocent spouse's interest in marital property can be forfeited under the criminal forfeiture statute, 21 U.S.C. § 853. In those cases, the courts have held or simply assumed without elaboration that the innocent spouse's one-half interest in the property was not forfeitable.[8] *See, e.g., United States v. Jimerson,* 5 F.3d 1453, 1454 (11th Cir. 1993); *Certain Real Property at 2525 Leroy Lane,* 910 F.2d at 347–49. In *Jimerson,* the defendant husband and his wife owned a family residence jointly as tenants by the entirety under state law. 5 F.3d at 1454. The Government sought to forfeit the resi-

dence, pursuant to 21 U.S.C. § 853(a), because the defendant husband had used the house "to facilitate the commission of the drug offense for which he was convicted." *Id.* The court held that "[t]he judgment of forfeiture did not affect [the innocent spouse's] interest in the residence. Rather, she continues to hold an indivisible one-half interest in the entire residence property. Thus, the only property interest taken by the Government is the interest held by [the defendant husband]." *Id.* 1454 & n. 1; *see also Certain Real Property at 2525 Leroy Lane,* 910 F.2d at 347–49.[9]

---

"debt." *Id.* We did so by reviewing the relevant federal bankruptcy statute and case law. Once we had determined, under federal law, that the criminal restitution order was "debt," we then looked to state law to determine whether the "debt" could be satisfied from community property assets. *Id,* at 733–34.

8. In the related context of civil forfeiture, under 21 U.S.C. § 881(a)(6), courts also have found that the marital property of an innocent spouse is not subject to forfeiture. *See, e.g., United States v. South 23.19 Acres of Land,* 694 F.Supp. 1252 (E.D.La.1988) (Government acknowledged that wife entitled to one half of residence as "innocent owner" because under Louisiana law, each spouse owns an undivided one-half interest in the community property; court ordered profits from sale of house split between Government and wife, even though Government was a "creditor" and community property subject to spouse's debts); *United States v. Property Entitled in the Names of Alexander Morio Toki & Elizabeth Mila Toki,* 779 F.Supp. 1272 (D.Haw.1991) (property held jointly by innocent spouse and by guilty spouse as tenants by the entirety cannot be forfeited to Government).

On appeal, the Government argues that these civil forfeiture cases are distinguishable from criminal forfeiture cases because the civil forfeiture statute provides an "innocent owner" exception while the criminal forfeiture statute does not. *Compare* 21 U.S.C. § 881 *with* § 853. From this omission, the Government reasons that there is no protection for the community property of an innocent spouse under section 853. This conclusion ignores the fundamental distinction between civil and criminal forfeiture actions.

A criminal forfeiture is an *in personam* judgment against a person convicted of a crime, while a civil forfeiture is an *in rem* proceeding in which liability attaches to particular property and not particular institutions or individuals. Thus, the defendant in a criminal forfeiture proceeding is the *person,* and the

defendant in a civil forfeiture proceeding is the particular *property.*

*United States v. $814,254.76 in United States Currency,* 51 F.3d 207, 210–11 (9th Cir.1995) (citations omitted). Thus, in context, it is clear that because a criminal forfeiture is an action against the convicted defendant, who by definition is not "innocent," there simply was no need to have an innocent-owner exception.

9. These cases arose in the context of forfeited property which is jointly held by the defendant spouse and the innocent spouse as tenants by the entirety. *See, e.g., Jimerson,* 5 F.3d at 1454 & n. 2; *Certain Real Property at 2525 Leroy Lane,* 910 F.2d at 346. Typically in this form of property ownership, "[n]either [the] husband nor [the] wife acting alone can alienate any interest in the property, nor can the creditors of one levy upon the property." *Certain Real Property at 2525 Leroy Lane,* 910 F.2d at 346. This property interest is different from the property interest created in a community property situation where "the community estate is liable for a debt incurred by either spouse ... during marriage ... regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." *See* Cal. Fam.Code § 910.

To the extent that the Government argues that this difference should dictate a different outcome, it reinforces our position that state law should be determinative of only the ownership interest in the property and that once ownership interests are defined under state law, the federal forfeiture statute and case law should determine what property interests are forfeitable.

To adopt the position advanced by the Government below would result in the anomalous situation in which an *innocent* Californian spouse's one-half interest in the marital property *not* associated with any criminal activity could be immediately seized and forfeited to the Government to satisfy the criminal forfeiture "debt" of the guilty spouse. While at the same time, the marital property of a *guilty* spouse *actually used in the criminal activity,* but held jointly with an innocent spouse as tenants by the entirety could not be seized or forfeited until the dissolution of the

In addition, where the property subject to forfeiture is not connected in any way to the guilty spouse's criminal activities, but rather is "substitute property," it is even clearer that only the property interest of the defendant, Mr. Lester, is subject to forfeiture. *See* 21 U.S.C. § 853(p) (only the "property of the defendant" may be forfeited as "substitute property"); *Jimerson,* 5 F.3d at 1454 (innocent spouse's "interest in the property is unaffected by her husband's forfeiture to the Government" even though property was used to "facilitate" criminal activity); *see also Certain Real Property at 2525 Leroy Lane,* 910 F.2d at 349 ("forfeiture statutes are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise"); *Tanner,* 853 F.Supp. at 197 (the purpose of section 853 "is not to divest innocent persons of their legitimate interests in property").

## IV

### Conclusion

Given that the plain language of section 853(p) clearly provides that only the substitute *"property of the defendant"* may be forfeited to the Government and that section 853(n)(6)(A) provides that a third party claiming an interest in the forfeited property may "render[ ] the order of forfeiture invalid in whole or in part [if] the right, title, or interest [in the forfeited property] was vested in the [third party] rather than the defendant," we hold that Mrs. Lester's vested community property interest in the Indianola property is not subject to criminal forfeiture as "substitute property." *See* 21 U.S.C. §§ 853(n)(6)(A) and (p); *Estate of Wilson,* 227 Cal.Rptr. at 798.

**REVERSED and REMANDED.**

marriage, at which point the Government would be entitled to only the guilty spouse's share as a tenant in common, or until the death of one of the spouses in which case the surviving spouse would obtain sole title to the property. Depending on which spouse survived, the property would then either be completely forfeited to the

Government (if the surviving spouse is the guilty spouse) or could not be forfeited at all (if the surviving spouse is the innocent spouse). This anomalous result can be avoided by limiting the state law analysis to a determination of the respective property ownership interests of the relevant parties.