99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roseanne Marie SBROCCA, a married woman, Plaintiff-Appellant,
v.
James AHEARN, husband; Barbara Ahearn, wife; Susan
Schillie, wife; Donald W. Tucker, husband;
Annette Tucker, wife; United States of
America, Defendants-Appellees,
and
John Doe Schillie, husband; Unknown Officers and Employees
of the Federal Bureau of Investigation I-X; Unknown
Officers and Employees of the U.S. Marshal Service XI-XX;
Unknown Officers of Federal, State and Local Agencies
XXI-XXX; Robert E. Casey; Jane Doe Casey, Defendants.
 No. 95-16206.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1996.
Decided Oct. 21, 1996.
 
 Before: GOODWIN, WALLACE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roseanne Marie Sbrocca appeals the summary judgment entered on her claims against the United States and several law enforcement officers for violating her Fourth Amendment rights in connection with execution of arrest warrants for her husband and son at their home, and her due process rights in connection with the forfeiture of property in which she claims an ownership interest. We affirm on the Fourth Amendment claim, but reverse and remand on the Fifth Amendment issues.
 
 
 3
 * Sbrocca contends that the FBI agents knocked on the door unannounced and used unreasonable force when, after she opened the door and the agents entered, one of them "jabbed" a gun into her stomach before arresting her husband and son without incident. As she opened the door and let them in, however, the agents did not run afoul of the "knock and announce statute," 18 U.S.C. § 3109, or any obligation that might otherwise exist to announce their authority and purpose. See, e.g., United States v. Contreras-Ceballos, 999 F.2d 432 (9th Cir.1993) (no statutory violation when resident opened door in response to knock); cf. United States v. Becker, 23 F.3d 1537 (9th Cir.1994) (officers announced presence but simultaneously kicked their way through locked door).
 
 
 4
 Likewise, the evidence, viewed in the light most favorable to Sbrocca, shows that the officers acted reasonably. Sbrocca did not open the door the first time the agents knocked; instead, after seeing them at the door, she began to walk back up the stairs. The agents believed that her husband and son might be dangerous, as they were involved in distributing cocaine and money laundering. Under these circumstances it was not unreasonable for the agents to draw their guns, and to stay close to Sbrocca. Nor is there any evidence that the "jab" was deliberately inflicted, or that Sbrocca was injured in any way. For these reasons, neither case upon which Sbrocca relies-- Hansen v. Black, 885 F.2d 642 (9th Cir.1989) (objectively unreasonable for officer to put handcuffs so tightly on suspect's wrists that he caused bruises and pain requiring hospital treatment), and Alexander v. County of Los Angeles, 64 F.3d 1315 (9th Cir.1995) (suspect handcuffed even after hands became swollen and blue, slammed against car, and kicked)--requires reversal.
 
 II
 
 5
 The district court held that Sbrocca lacked standing to challenge forfeiture of the property of EBR. Because Sbrocca submitted evidence that she and her husband started EBR and Romano bought shares in EB & C with community funds, that she was personally involved in operating both EBR and EB & C, that she exercised dominion and control over the affairs of both, and that she had signed a Third Party Pledge Agreement pledging EBR's assets as security for a promissory note since the assets were community property, we believe that she has sufficiently claimed an interest to challenge the forfeiture. See United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051 (9th Cir.1994); see also United States v. Lester, 85 F.3d 1409 (9th Cir.1996).
 
 
 6
 Although the government urges several bases upon which the judgment could nevertheless be affirmed, we decline to consider them as appellate review will be facilitated by a fully developed record in the district court.
 
 
 7
 Each side shall bear its own costs.
 
 
 8
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3