165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ana AGUILERA, Petitioner-Appellant.
 No. 97-3285.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1998.
Decided Sept. 3, 1998.
 
 On Appeal from the United States District Court for the Northern District of Illinois. Eastern Division. No. 94 CR 333. William T. Hart, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In July 1997, we gave this case full consideration and refer the reader to the details described in 118 F.3d 1173 (7 th Cir.1997), certiorari denied, --- U.S. ----, 118 S.Ct. 1104, 140 L.Ed.2d 158, when we affirmed the convictions of eight men for narcotics offenses..
 
 
 2
 On June 28, 1995, Judge Hart sentenced Raul Aguilera to 188 months' imprisonment and issued a preliminary order of forfeiture concerning his real and personal property. On appeal, he raised no issues regarding the property subject to forfeiture. However, in October 1996, his wife, petitioner Ana Aguilera, filed a motion for releasing as marital property one-half of the proceeds from the sale of forfeited real property. Her claim was denied on August 4, 1997, and she appeals. Since the facts are fully stated in our prior opinion, they will not be repeated herein except as necessary.
 
 
 3
 After finding defendants guilty, the jury considered the forfeiture allegations in April 1998. In a special verdict it found various real and personal property subject to forfeiture in the amount of $200,000, representing the proceeds from their narcotics trafficking.
 
 
 4
 As part of its verdict involving the sum of $200,000 forfeiture, the jury included the Chicago residence of Raul and Ana Aguilera at 3433 North Monticello Avenue as subject to forfeiture. At the same time, the jury concluded that the Alemedas Casino, 3301-09 North Milwaukee, Chicago, Illinois, was not subject to forfeiture because it had not been used for criminal purposes. However, the district court directed that defendant Aguilera's one-third interest in the proceeds generated by the March 1, 1995 sale of the Alemedas Casino, which amounted to $61,981, be applied to the outstanding $200,000 forfeiture judgment as "substitute property" pursuant to 21 U.S.C. § 853(p). The only question before us is the validity of the district court's refusing to grant petitioner Ana Aguilera one-half of the $61,981 proceeds from the sale of the Alemedas Casino.
 
 
 5
 Petitioner claimed that the Alemedas Casino was marital property and that she, therefore, had a vested one-half interest in her husband's proceeds from the sale. In the district court, Judge Hart denied the petitioner's claim to any interest in the Alemedas Casino because she was still married to defendant Raul Aguilera. Therefore, the court concluded that under 750 ILCS 5/503 she had no interest in the property at the time it was sold, and the proceeds were properly forfeited to the government.
 
 
 6
 State law controls issues regarding property ownership or interests in a federal procedure action. Under Illinois law, a property interest does not vest until the dissolution of the marriage. 750 ILCS 5/503. Because petitioner was still married to Raul Aguilera at the time of the forfeiture proceedings and because she concedes that her name was not listed on the title to the property, her claim had not vested at the time of the sale, and thus she had no claim to the sale proceeds. United States v. Marx, 844 F.2d 1303 (7 th Cir.1988); United States v. Weaver, 89 F.3d 848 (9 th Cir. Apr. 29, 1996).
 
 
 7
 Under federal law, petitioner had no Article III standing to contest the property in question, the Alemedas Casino, because she was unable to establish "a legally cognizable interest in the property that will be injured if the property is forfeited to the government." United States v. $38,000, 816 F.2d 1538, 1543 n. 12 (11 th Cir.1987). As previously noted, petitioner admitted that her name was not on the title to the property in question, that she was married to the defendant throughout these proceedings, and that the property was simply an investment by her husband and his two brothers. Thus she has shown no "legally cognizable interest" in the property that would be injured if she did not now receive one-half of the proceeds and, as a result, has no standing to object to the forfeiture of the proceeds from its sale.
 
 
 8
 The federal forfeiture statute determines whether the property interest must be forfeited to the government. United States v. Lester, 85 F.3d 1409, 1412 (9 th Cir.1996). Here petitioner's ownership interest was properly defined under Illinois law. Id. Thereafter, federal statutes determine whether this property interest must be forfeited to the government. Id. Here the applicable federal forfeiture statute, 21 U.S.C. § 853(p), provides for the forfeiture of "substitute property" and thus permitted the forfeiture of this property to the government.
 
 
 9
 Judgment affirmed.