**UNITED STATES of America,
Plaintiff,**

v.

**Julian C. SMITH, Jr., Defendant.**

**No. CR–N–00–012–DWH(VPC).**

United States District Court,
D. Nevada.

March 14, 2000.

Kathryn E. Landreth, United States Attorney, Kristal A. Marlow, Assistant United States Attorney, Reno, NV, for plaintiff.

Julian C. Smith, Jr., Smith and Harmer, Ltd., Carson City, NV, for defendant.

**ORDER**

HAGEN, District Judge.

Defendant was found guilty of the petty offense of using range improvements without authorization from the Bureau of Land Management ("BLM"), a violation of 43 C.F.R. § 4140.1(b)(2). He has appealed and the appeal has been fully briefed. Study of the record and the briefs informs the court sufficiently to decide the case without oral argument.

The facts are not disputed. Defendant's company has BLM grazing rights on land containing a dormant well called "Hidden Well". The well was not included in defendant's cooperative agreement with BLM as

---

**13.** City Mill might still face contractual issues as to Servco, as set forth in the Court's Order

of January 18, 2000.

property he was entitled to use. When he noticed that the well was there he contacted a BLM rangeland specialist about the well and whether the government would restore the well to operating condition for his use. She responded by memorandum (Ex. 1) that the BLM had no funds for this, that any work done would be at his expense and would "need to be authorized by us." The memorandum concluded with the words, "Remember, please notify us before you do any work to prevent problems later."

Without notifying BLM, defendant engaged Roy Reynolds, who specializes in wells, "to go check out this particular well to see if it's any good." Mr. Reynolds lowered a ten foot long five inch tube into the well. A valve at the bottom of the tube could be manipulated to trap in the tube the water it surrounded after being lowered. From this Mr. Reynolds could calculate the volume of water the well could produce. After doing this for fifteen or so minutes, he was discovered by BLM.[1] Based on the foregoing, defendant was charged with willfully violating 43 C.F.R. § 4140.1(b)(2): "Installing, using, maintaining, modifying and/or removing range improvements without authorization."

The government's principal witness as to the act constituting the offense, Special Agent Robert Posey, testified that defendant was cited only for "using" range improvements and not for anything else set forth in § 4140.1(b)(2). He testified that testing the well for water in the manner done by Mr. Reynolds constituted using it because the measuring device was inserted into the well casing.

The magistrate judge found accordingly, adjudged defendant guilty of the petty offense of using range improvements without authorization from the BLM and fined him $100.00 under the penal provisions set forth at § 4170.2–1. The court respectfully disagrees with the magistrate judge.

*STANDARD OF REVIEW*

██ The magistrate judge's findings of fact are reviewed for clear error. *United States v. Doe,* 136 F.3d 631, 636 (9th Cir. 1998); F.R.Cr.P 58(g)(2)(D). Her legal conclusions are reviewed *de novo. United States v. Lester,* 85 F.3d 1409, 1410 (9th Cir.1996).

*DISCUSSION*

Plainly the well was a range improvement. Plainly defendant did not have authorization to test the well. But to test is not to use. To use means "to put into operation, to cause to function." *Webster's New International Dictionary of the English Language,* 2d Ed.

██ Hidden Well originally was designed and constructed (Gov.Ex.5) to operate with a pump driven by a windmill in order to fill a storage tank with water for cattle watering. In short, it was designed to supply water for a permittee's cattle. It had lain idle for many years, and the pump, the windmill, the storage tank and the watering trough were no longer there. It was inoperable as a well. In other words, it was incapable of being used as a well. Nor is to test its capacity as a well to use it. It is a play on words to say a well is "used" when a capacity measuring device is inserted into the well casing, thereby "using" the casing. Finally, the magistrate judge's finding does not jibe with the rule of *ejusdem generis:* to use a part of a thing is not an act of the same kind, class or nature as the others in the series of acts ("installing," "maintaining," or "removing") forbidden by the regulation.

**IT IS THEREFORE ORDERED** that the judgment of guilt of this petty offense is *VACATED.*

---

**1.** Mr. Reynolds called attention to his presence by accidentally starting a small brush fire, but that is another story.