**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lorena CHAVEZ, Claimant–Appellant,**

**Rafael Quiroz, Defendant.**

**No. 02–10307.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Filed March 28, 2003.

---

Suzanne Adele Luban, Esq., Oakland, CA, for the claimant-appellant.

Kathleen A. Servatius, Assistant United States Attorney, Fresno, CA, for the plaintiff-appellee.

Before: NOONAN, THOMAS and CLIFTON, Circuit Judges.

## OPINION

NOONAN, Circuit Judge:

Lorena Chavez appeals the district court's order of forfeiture of the lottery winnings owed to Rafael Quiroz–Montejano. Chavez contends that Quiroz, her husband, had transferred his interest in the winnings to her prior to the order of forfeiture. We hold that, pursuant to 21 U.S.C. § 853, the property was properly held forfeited to the United States.

### FACTS

On February 4, 1989, Rafael Quiroz won California's "Big Spin" lottery, entitling him to one million dollars, to be paid out over a 20–year period. On August 25, 1997, Quiroz married Lorena Chavez Posada. On October 25, 1997, he executed before two witnesses at Tecoman, Colina, Mexico, the following document:

A QUIEN CORRESPONDA:

Yo RAFAEL QUIROZ MONTEJANO en pleno uso de mis facultades mentales hago el presente escrito para que en caso de fallecimiento o cualquier otro impedimento legal de común acuerdo cedo a mi esposa Sra. LORENA CHÁVEZ POSADA todos los derechos de beneficiaria para reclamar los beneficios que tengo del premio que obtuve de la LOTERY BIG SPIN el 4 del Febrero de 1989 en el estado de California.

Tecoman, Col. 25 de Octubre de 1997

ATENTAMENTE

Rafael Quiroz Montejano

The English translation is as follows:

TO WHOM IT MAY CONCERN:

I, RAFAEL QUIROZ MONTEJANO, in full use of my mental faculties prepare this written statement in which I grant to my wife, Mrs. LORENA CHAVEZ POSADA, in case of death or any other legal impediment and by mutual consent, all of the rights of a beneficiary to claim the benefits of the proceeds I won in the LOTTERY BIG SPIN on February 4, 1989 in the State of California.

Tecoman, Col. October 25, 1997

RESPECTFULLY

Signature: Rafael Quiroz M.

Rafael Quiroz Montejano

PROCEEDINGS

On September 8, 2000, Quiroz was convicted of conducting a continuing criminal enterprise in methamphetamine between July 1992 and May 1998. The jury entered a special verdict of forfeiture of $4.3 million as proceeds of his criminal activity.

On September 15, 2000, the district court entered a preliminary order of forfeiture of interest in the $4.3 million. On motion of the United States, this order was amended on November 13, to substitute, pursuant to 21 U.S.C. § 853(p), the lottery winnings due Quiroz.

The United States published notice of this order advising potential claimants of its existence. As of November 13, 2001, no claims had been filed, and the district court filed a final order of forfeiture. On November 14, 2001, claiming that the published notice had been inadequate and that she was entitled to actual notice, Chavez moved to vacate the order and to assert her claim to the lottery proceeds. On May 13, 2002, the district court heard her motion and on May 14, 2002 denied it in a reasoned opinion.

Relying on *Estate of MacDonald*, 51 Cal.3d 262, 272 Cal.Rptr. 153, 794 P.2d 911 (1990), the district court held that in order to effect a transmutation of property under Cal. Family Code § 852(a), the document must contain "language which expressly states that the characterization or ownership of property is being changed." *Id.* at 272, 272 Cal.Rptr. 153, 794 P.2d 911. The district court observed: "The use of the present tense implies the requirement of an immediately enforceable interest as of the time of execution of the express declaration." Such an interest, the court held, was not created here.

Chavez argued that, on September 15, 2000, when the court entered its order of forfeiture, a legal impediment to Quiroz receiving the lottery payment occurred; the contingency in his October 25, 1997 writing had been satisfied; and the transfer to Chavez was completed. The district court met this contention by observing that under 21 U.S.C. § 853(p), the petitioner could succeed only if the interest "was vested in the petitioner rather than the defendant ... at the time of the commission of the acts which gave rise to the forfeiture." Quiroz's criminal acts which gave rise to the forfeiture occurred at a time when the property was vested in him. Therefore, Chavez's claim failed, and her motion for reconsideration was denied.

Chavez appeals.

ANALYSIS

Under 21 U.S.C. § 853(n)(6)(A), Chavez may prevail only if she established by a preponderance of the evidence that she has a "legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at

the time of the commission of the acts which gave rise to the forfeiture of the property under this section...."

Resolution of this case is framed by three undisputed propositions of law:

■ 1. The property of an innocent spouse is not to be taken to satisfy a forfeit of her husband. *United States v. Lester,* 85 F.3d 1409, 1413 (9th Cir.1996).

■ 2. State law determines ownership of property. *Lester,* 85 F.3d at 1412.

■ 3. Federal law determines the forfeit. *United States v. Hooper,* 229 F.3d 818, 820 (9th Cir.2000).

■ The order of forfeiture entered by the district court on November 13, 2000 vested the lottery payments in the United States. As a result of that order, there was a "legal impediment" to Quiroz receiving the payments. One contingency contemplated in the document he had executed in Chavez's favor had occurred. But there was nothing there to be transferred to her. Temporally and logically, the forfeiture creating the impediment preceded the effect of the forfeiture on the attempted transmutation of the lottery winnings. Operating on the property of Quiroz while the property was still his, the order of the district court disabled Quiroz from effecting the transfer he had planned.

AFFIRMED.