UNITED STATES of America,
Plaintiff–Appellee,

v.

Renee HOOPER; Michelle Ralph, Appellants,

Dana M. Hooper; Paul William Ralph, Defendants.

Nos. 99–50233, 99–50238.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2000

Filed Oct. 12, 2000

Richard M. Barnett, Laura Schaefer, San Diego, California, for the appellants.

Timothy D. Coughlin, Stefan D. Cassella, Assistant United States Attorneys, San Diego, California, for the appellee.

Before: CANBY and W. FLETCHER, Circuit Judges, and SEDWICK,[1] District Judge.

CANBY, Circuit Judge:

Renee Hooper and Michelle Ralph ("Claimants") are wives of two men who pleaded guilty to federal drug trafficking offenses. Their husbands' sentences included forfeiture of various assets, including the proceeds of drug sales and property purchased with those proceeds. *See* 21 U.S.C. § 853(a)(1). Claimants contested the criminal forfeiture, contending that as spouses they innocently acquired a fifty percent community property interest in the proceeds of their husbands' trafficking, and that this interest was not subject to forfeiture. The district court denied their claim, and Claimants appeal. We affirm the district court's judgment.

## BACKGROUND

Pursuant to plea agreements, Dana Hooper and Paul Ralph were convicted of drug trafficking offenses that took place from 1992 through 1996. As part of their plea of guilty, they agreed to the forfeiture of certain real and personal property listed in the indictment, pursuant to the criminal forfeiture statute, 21 U.S.C. § 853. The district court accordingly entered orders of forfeiture for each defendant.

The order relating to Dana Hooper directed the forfeiture of "all rights, title and interest" in certain specified property, including a 1994 Chevrolet pickup truck and $32,000 in U.S. currency. Dana Hooper admitted that these items were either used in or derived from the illegal drug transactions for which he pleaded guilty.

Similarly, the district court ordered the forfeiture of Paul Ralph's rights, title and interest in several boats and boat trailers, certain promissory notes, and any interest in a business known as the Indian Motorcycle Franchise. Paul Ralph admitted that these items were either used in or derived from the illegal drug transactions for which he pleaded guilty.

The district court's forfeiture order directed the government to publish notice of the forfeiture and to notify directly any person known to assert an interest in the property subject to forfeiture. In addition, the order required the government to instigate ancillary proceedings in order to settle any third party claims under 21 U.S.C. § 853(n). Claimants Michelle Ralph and Renee Hooper filed third-party petitions in the ancillary proceedings.[2] In their petitions, Claimants alleged that they were married to the defendants at the time of the offenses which gave rise to the forfeiture,[3] and asserted that under California law all property acquired by their husbands during marriage, including the proceeds of illegal drug activities, constituted community property. Thus, in Claimants' view, they retained a fifty-percent interest in the forfeited property and the order of forfeiture had to be amended to reflect that fact.

The district court granted in part and dismissed in part Claimants' petitions. The court held that Claimants had established that certain property was purchased with non-drug-related funds; the court therefore granted relief with respect to Renee Hooper's interest in the 1994 pickup

---

1. The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

2. The two Claimants were represented by the same attorney, and their petitions were consolidated in the district court. Their cases have also been consolidated on appeal.

3. The Ralphs married in 1989, and the Hoopers married in 1990.

truck, and Michelle Ralph's interest in the Indian Motorcycle Franchise. With regard to the remaining assets, however, the district court found that they were proceeds of the husbands' illegal drug trafficking, or had been purchased with such proceeds. The district court held that, under California law, Claimants did not acquire a community property interest in such illegally-acquired assets. The district court accordingly denied relief with respect to those assets.[4]

Claimants now appeal, challenging the district court's interpretation of California community property law, and contending that as innocent spouses they are entitled to relief from forfeiture under 21 U.S.C. § 853(n)(6)(A). We affirm on a different ground from that relied upon by the district court: we conclude that § 853 bars relief even if California would recognize a community property interest in the proceeds of the illegal drug trafficking to which Claimants' husbands pleaded guilty.

## ANALYSIS

Although we do not suggest that it is incorrect, the district court's ruling regarding California's community property law is not free from doubt. California Family Code § 760 provides that "[e]xcept as otherwise provided by statute, all property, real or personal ... acquired by a married person during the marriage while domiciled in [California] is community property." We have been directed to no California statute excluding illegally-gained proceeds from this rule, and judicial authority is sparse indeed. The district court relied on two cases. The first is *United States v.*

---

4. In denying this relief, the district court stated that Claimants lacked standing to contest forfeiture of those assets. Claimants take issue with this conclusion, but they misunderstand the district court's ruling. There is no dispute that Claimants had Article III standing to file their petitions and challenge the forfeitures on their asserted grounds. The district court's concluding statement that Claimants lacked "standing" is simply another way of stating that Claimants had failed to establish on the merits a property interest entitling them to relief. *See United States v.*

*Karageris v. Karageris,* 145 Cal.App.2d 556, 302 P.2d 850 (1956), holding that misappropriation of property gives rise to no community interest in the innocent spouse because the misappropriator never acquires title. The second is *Kemp v. Enemark,* 194 Cal. 748, 230 P. 441 (1924), in which the California Supreme Court held that money obtained by fraud became community property when invested in the marital homestead, but that equity would not protect the innocent spouse's community interest from foreclosure by the defrauded victim. Although somewhat supportive of the district court's view, neither case is dispositive; as Claimants point out, the drug purchasers who delivered the proceeds to the defendants divested themselves of their title willingly and knowingly.

◼ We find it unnecessary, however, to rule on the correctness of the district court's community property decision. Even if we assume, without deciding, that California would recognize the community property interest asserted by Claimants in this case, we conclude that the federal criminal forfeiture statute, 21 U.S.C. § 853, precludes relief.

◼ State law determines whether Claimants have a property interest, but federal law determines whether or not that interest can be forfeited. *See United States v. Lester,* 85 F.3d 1409, 1412 (9th Cir.1996). We conclude that the applicable federal criminal forfeiture statute, 21 U.S.C. § 853, subjects to forfeiture any community property interest of Claimants in the drug-sale proceeds.[5]

*$9,041,598.68,* 163 F.3d 238, 245 (5th Cir. 1998) (viewing the district court's "post-verdict discussion of standing as no more than a recognition of the fact that the jury verdict defeated all possible claims of [the claimant-appellant] on the merits"), *cert. denied,* 527 U.S. 1023, 119 S.Ct. 2369, 144 L.Ed.2d 773 (1999); *see also United States v. Alcaraz–Garcia,* 79 F.3d 769, 774 n. 10 (9th Cir.1996).

5. We note that the Fourth Circuit has reached a similar result purely on the basis of § 853(n) and the congressional intent behind

"[I]rrespective of any provision of State law," persons convicted of drug trafficking forfeit "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). They also forfeit property used in committing the crime. *See* § 853(a)(2). Third parties, such as Claimants, who assert an interest in the forfeited property may petition the court for a hearing to adjudicate the validity of that interest. *See* 21 U.S.C. § 853(n)(2); *see also Lester*, 85 F.3d at 1411–12. In order to obtain relief, petitioning third parties must satisfy one of two conditions. They must either show that they are bona fide purchasers for value without notice, *see* § 853(n)(6)(B),[6] or they must show that their property interest meets certain specified requirements, *see* § 853(n)(6)(A).

■ Claimants in this case did not attempt to show that they were bona fide purchasers; they rely instead on § 853(n)(6)(A). That provision requires a petitioner to establish by a preponderance of the evidence that:

> the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was *vested in the petitioner* rather than the defendant or was superior to any right, title, or interest of the defendant *at the time of the commission of the acts which gave rise to the forfeiture* . . . .

it, without reference to state law. *See United States v. Morgan*, 224 F.3d 339, 342–43 (4th Cir.2000). We are bound by *Lester*, however, under which state law determines whether a claimant has a property interest. *See Lester*, 85 F.3d at 1412.

6. This provision requires a showing that the petitioner is a "bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6)(B).

21 U.S.C. § 853(n)(6)(A) (emphasis added). To make sense of this provision, it is necessary to read the temporal requirement-"at the time of the commission of the acts which gave rise to the forfeiture"-as applying to both "vested in the petitioner rather than the defendant" and the alternative "or was superior to any right, title, or interest of the defendant." The intent of the requirement was to prevent a defendant from defeating forfeiture by conveying title prior to conviction. *See* S.Rep. No. 98–225, at 209 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3392 (hereinafter "Senate Report") (discussing identical forfeiture provision of 18 U.S.C. § 1963).[7] Thus, to qualify for relief under § 853(n)(6)(A), Claimants' legal interest, if any, must have been vested in Claimants at the time their husbands committed their crimes. *See United States v. BCCI Holdings (Luxembourg), S.A.*, 69 F.Supp.2d 36, 60 (D.D.C.1999) (hereinafter *"BCCI II "*); *United States v. BCCI Holdings (Luxembourg), S.A.*, 961 F.Supp. 287, 294–95 (D.D.C.1997) (*"BCCI I"* ) (construing identical forfeiture provision of 18 U.S.C. § 1963(*l* )(6)).

Claimants cannot meet this requirement. Their husbands' crimes had to have been committed before there could be any proceeds resulting from them. There was no community property interest at the moment the husbands violated the drug trafficking statute. Claimants therefore do not qualify under § 853(n)(6)(A).

It is true, as the government points out, that this interpretation of § 853(n)(6)(A)

7. The provisions set forth in 21 U.S.C. § 853 are substantially identical to the criminal forfeiture provisions under the RICO statute, 18 U.S.C. § 1963. The legislative history states that § 853 "is, in nearly all respects, identical to the RICO criminal forfeiture statute" and recognizes that both contain identical ancillary hearing provisions for adjudication of third party claims. Senate Report at 209, 214, *reprinted in* U.S.C.C.A.N. at 3392, 3397. We therefore will look to cases and legislative history discussing both § 1963 and § 853 in conducting our analysis. *See United States v. Ripinsky*, 20 F.3d 359, 362 n. 3 (9th Cir.1994).

leads inevitably to the conclusion that § 853(n)(6)(A) is likely never to apply to proceeds of the crime. Section 853(n)(6)(A) is far better designed to deal with instrumentalities of the crime. If a husband, for example, uses the family car for drug trafficking, his spouse may qualify under § 853(n)(6)(A) by showing that she had an interest in that car that preceded the crime. Proceeds of crime, however, do not precede the crime.

Our conclusion that Claimants cannot qualify under § 853(n)(6)(A) is buttressed by § 853(c). That provision states:

> All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(c). Thus, if property is "subsequently transferred," which is the only way that proceeds *can* be transferred, the transferee is protected only as a bona fide purchaser. Claimants have not attempted to show that they are bona fide purchasers.

Claimants contend that § 853(c) must not be interpreted as instantaneously vesting title in the government at the time of the crime. They rely on *United States v. Parcel of Land, Buildings, Appurtenances and Improvements, Known as 92 Buena Vista Avenue, Rumson New Jersey*, 507 U.S. 111, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993) (hereinafter *"Buena Vista"*). There, in construing the civil forfeiture statutes as they then existed, a plurality of the Supreme Court stated that the government's title was not perfected until forfeiture was decreed, and it then related back to the time of the crime. *See id.* at 126–27, 113 S.Ct. 1126. The Court held in *Buena Vista* that a donee of a residence purchased with forfeitable proceeds of crime was protected as an innocent owner. Nothing in *Buena Vista*, however, is inconsistent with our holding today. Two propositions follow from the facts that the government's title is not perfected until forfeiture is decreed, and that the title then relates back to the time of the crime. First, some third-party interests that intervene between the time of the crime and the decree of vesting may be protected; that is the effect of the delay in perfecting title. Second, other intervening interests may not be protected, or else the relation back is without any effect at all.

In order to determine which intervening interests are protected and which are not, it is necessary to refer to the applicable forfeiture statute. In *Buena Vista*, the Supreme Court based its grant of relief on a section of the civil forfeiture statute that at that time provided relief for an owner of property when the crime that would otherwise cause forfeiture was committed " 'without the knowledge or consent of that owner.' " *See id.* at 123, 113 S.Ct. 1126 (plurality opinion) (quoting then-current version of 21 U.S.C. § 881(a)(6)). The criminal forfeiture statute before us, on the other hand, protects only two types of transferees of forfeitable property: bona fide purchasers and those whose interest in the property antedated the crime. *See* § 853(n)(6). In the face of that clear direction, we are not at liberty to create other categories of transferee interests that are protected from forfeiture.

Claimants argue that it is unfair and irrational for the criminal forfeiture statute to fail to protect an unknowing transferee of proceeds when the civil forfeiture statute affords such protection. Forfeiture should not depend, say Claimants, on which forfeiture provision the government

decides to invoke. We are not free, however, to rewrite the criminal forfeiture statute to bring it into congruence with the civil forfeiture statute as it existed at the time of the Claimants' forfeiture. Moreover, Congress has now eliminated this disparity between the two types of forfeiture, but not in the manner preferred by Claimants. On April 25, 2000, after the briefs had been filed in this appeal, Congress enacted the Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106–185, 144 Stat. 202, which limits the "innocent owner" defense for property acquired after the commission of the crime to bona fide purchasers for value without notice. *See* 18 U.S.C. § 983(d)(3)(A) (U.S.C.A.Supp. Aug. 2000). There is an exception for a primary residence of the claimant, but only if "the property is not, and is not traceable to, the proceeds of any criminal offense." *Id.* at § 983(d)(3)(B)(iii). Thus both civil and criminal forfeiture statutes are now consistent in denying relief to transferees of proceeds of the crime causing forfeiture, unless those transferees are bona fide purchasers for value without notice.

Claimants make one final argument that the criminal forfeiture statute cannot apply to them as "innocent spouses." They rely on *United States v. Lester*, 85 F.3d 1409 (9th Cir.1996), in which we held that a community property interest of a spouse was not subject to forfeiture. We emphasized there that a criminal forfeiture was an *in personam* proceeding, and could not cause the forfeiture of property other than that of the defendant. *See id.* at 1413. But *Lester* was a very different case from the present one. In *Lester* the government was not seeking to forfeit proceeds of crime or property purchased with those proceeds. Instead, it invoked 21 U.S.C. § 853(p), which permits a court to order forfeiture of "any other property of the defendant" when the defendant's property subject to forfeiture as proceeds or instrumentalities has been transferred, placed

out of reach of the court or has declined in value. *Lester* held that a spouse's community property interest in such "other property" could not be subjected to forfeiture under that provision. But that community property interest was not traceable to the crime at all; *Lester* noted that "this case does not involve the Government's right to forfeiture of community property which is directly or indirectly linked to the criminal activity of the guilty spouse." *Id.* at 1411 n. 3. Here, in contrast, we deal with proceeds of crime received by Claimants' husbands at a time when the United States had an inchoate interest in the entire proceeds. One half of those proceeds were then transferred (by operation of law) to Claimants after the commission of the crime. The rights of such transferees who are not bona fide purchasers are expressly subject to forfeiture under §§ 853(c) and 853(n)(6). We are required to follow the provisions of the statute.[8]

## CONCLUSION

Even assuming for purposes of decision that Claimants acquired a community property interest in the their husbands' drug proceeds (or items purchased with those proceeds) under California law, we conclude that such an interest is not one Congress intended to protect from forfeiture under § 853(n)(6)(A) of the federal criminal forfeiture statute. Accordingly, the decision of the district court is

**AFFIRMED.**

---

**8.** Section 853(n) provides for notice and hearing for petitioners asserting an interest in forfeited property, and Claimants availed

themselves of the right to a hearing. They make no claim of a violation of procedural due process.