**UNITED STATES of America, Plaintiff—Appellee,**

**Ricardo Perez–Lopez; Enedina Peraza–Soto, Claimants—Appellants,**

v.

**$57,790 IN U.S. CURRENCY, Defendant.**

**No. 03–57051.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2005.

Decided June 6, 2006.

Faith A. Devine, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Richard M. Barnett, Esq., San Diego, CA, for Claimants–Appellants.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

"[C]laimants who assert possessory interests in ... forfeited property and pro-

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

vide some explanation for their possession have Article III standing to contest the forfeiture." *United States v. $100,348.00,* 354 F.3d 1110, 1119 (9th Cir.2004); *see also United States v. $191,910.00,* 16 F.3d 1051, 1057 (9th Cir.1994) ("In order to contest a forfeiture, a claimant need only have some type of property interest in the forfeited items. This interest need not be an ownership interest; it can be any type of interest, including a possessory interest."). Claimants here meet both requirements: Peraza–Soto asserts that she is the owner of the defendant currency, and Perez–Lopez asserts that he is a co-owner, as well as his wife's bailee. Further, Perez–Lopez was driving the car in which the money was found. Claimants also provide some explanation for their possession: They argue they received the money in exchange for their home. Thus, claimants have met the Article III requirements for contesting the forfeiture.

*United States v. Section 18,* 976 F.2d 515, 520 (9th Cir.1992), and *United States v. One Parcel of Land,* 902 F.2d 1443, 1444 (9th Cir.1990) (per curiam), do not establish a higher burden for showing Article III standing. Neither case mentions Article III in its discussion of "standing," nor does either cite any caselaw discussing Article III. Rather, these cases address the showing that a civil forfeiture claimant must make *on the merits* as a *statutory* matter. We have on occasion referred to this as a claimant's "standing" to contest the forfeiture. But, as we explained in *United States v. Hooper,* 229 F.3d 818 (9th Cir.2000), "[t]he district court's concluding statement that Claimants lacked 'standing' is simply another way of stating that Claimants had failed to establish on the merits a property interest entitling them to relief." *Id.* at 820 n. 4. It is this type of "standing" that *Section 18* and *One Parcel of Land* refer to, not Article III standing.

The district court erred in concluding otherwise.

█ The district court did not find that claimants had failed to prove their claim on the merits, and thus we cannot affirm on that alternative ground. Claimants demanded a jury trial, but no jury trial was ever conducted. Moreover, the court's ruling that the property be forfeited, *see* dissent at 2, does not imply that it considered claimants' claims on the merits. In a forfeiture action, if the court rules claimants lacked standing, the government, as the plaintiff, wins on the merits, and thus the property is deemed "forfeited." We therefore cannot find that plaintiffs failed to prove their claim on the merits.

REVERSED AND REMANDED.

RAWLINSON, Circuit Judge, dissenting.

I respectfully dissent. Although I do not disagree with my colleagues regarding how the standing issue should be analyzed in the context of a forfeiture case generally, I disagree with the application of that analysis to the district court's decision in this case.

As the majority disposition acknowledges, a conclusion that Claimants lack standing "is simply another way of stating that Claimants had failed to establish on the merits a property interest entitling them to relief." *United States v. Hooper,* 229 F.3d 818, 820 n. 4 (9th Cir.2000) (citations omitted). Although the district court inartfully referenced Article III in resolving the question of Claimants' "standing," review of the court's analysis reveals that it ultimately concluded that the Claimants "failed to establish *on the merits* a property interest *entitling them to relief." Hooper,* 229 F.3d at 820 n. 4 (emphasis added). The district court conducted a trial and considered the evidence of ownership and

possessory interest presented by Claimants' counsel.

I agree with the majority that Claimants met the Article III requirement for contesting the forfeiture. However, I am also of the opinion that Claimants were given the opportunity to contest the forfeiture on the merits. Of particular interest is the conclusion by the court that the currency be forfeited, rather than a conclusion that the Claimants were not entitled to advance their claims, as would be the case if Article III standing were lacking. *See Envtl. Def. Ctr., Inc. v. United States Envtl. Prot. Agency,* 344 F.3d 832, 863 (9th Cir.2003) (denying a party the opportunity to participate in the proceedings where it lacked standing). Because the district court permitted the Claimants to contest the forfeiture on the merits, I would affirm.