**UNITED STATES of America,**
**Plaintiff,**

v.

**MM MR RM CORPORATION,**
**Defendant.**

**Case No. CR09–209RAJ.**

United States District Court,
W.D. Washington.

June 20, 2012.

Richard Edward Cohen, Tessa M. Gorman, Todd Greenberg, U.S. Attorney's Office, Seattle, WA, for Plaintiff.

ORDER

RICHARD A. JONES, District Judge.

## I. INTRODUCTION

This matter comes before the court on the Government's motion to dismiss the petitions (Dkt. ##334, 335) of two attorneys who claim an interest in the forfeited property of Defendant MM MR RM Corporation (the "Corporation"). Dkt. # 344. For the reasons stated below, the court GRANTS the motion and DISMISSES the petitions.

## II. BACKGROUND & ANALYSIS

This ancillary proceeding arises in the wake of a protracted multi-defendant criminal case. In that case, the Government indicted several individuals and corporations under their control on charges consisting principally of violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). To summarize broadly, the Government alleged that the defendants promoted prostitution at a number of Seattle-area strip clubs. "Sugar's" was one of the clubs. The Corporation owned the real property in Shoreline where Sugar's was located.

Even before the Government indicted the Corporation and the other defendants in June 2009, it planned to seek the forfeiture of all of the defendants' property, including the Sugar's property. It accordingly obtained a pre-indictment preliminary injunction in June 2008 encumbering that property and recorded *lis pendens* in the appropriate county clerk's offices. *See* 18 U.S.C. § 1963(d)(1)(B) (permitting court to issue pre-indictment injunction to preserve potentially forfeitable property).

Sugar's and the Corporation were embroiled in a dispute with Shoreline's municipal government over traffic access from Aurora Avenue, the major arterial that abutted the property. Shoreline filed an eminent domain suit in King County Superior Court. The Corporation hired two attorneys to address that dispute. They provided legal services from March 2009 to October 2009. Among other things, the attorneys negotiated a stipulation wherein Shoreline paid about $98,000 in exchange for immediate access to the Sugar's property to construct a right-of-way. By agreement, Shoreline deposited the payment in the registry of the King County Superior Court.

There is no dispute that the attorneys who worked on the property dispute were

aware of the preliminary injunction. The record reflects that they contacted Government representatives to discuss whether they believed that the injunction impacted the property dispute. The Government advised the attorneys that it would not interfere with their efforts to resolve the property dispute.

The criminal case resolved in the summer of 2010 with the entry of a series of guilty pleas, including the Corporation's guilty plea. In a June 2010 plea agreement, the Corporation agreed that it had promoted prostitution at Sugar's as early as 2004 and continuing to 2008. Dkt. # 268. The Corporation entered its guilty plea in July 2009.

In conjunction with its sentencing, the Corporation agreed to the forfeiture of the Shoreline property (including Sugar's and its fixtures), along with the Corporation's interest in the $98,000 payment that, at the time, remained in the King County court registry. The court entered a preliminary order of forfeiture in September 2010. Dkt. # 312.

The Corporation did not fully pay the attorneys whose work resulted in the $98,000 payment and the resolution of the property dispute. Each of them filed notice of a lien in the King County action, invoking RCW § 60.40.010(1)(d), which gives an attorney a lien on the proceeds of a lawsuit in which she rendered services.[1] In June 2011, each attorney filed a petition in this court claiming an interest in the $98,000 payment. Their petitions seek a combined payment of just over $7,700 in unpaid attorney fees.

The attorney claimants invoke 18 U.S.C. § 1963, which governs forfeiture in RICO actions. There is no dispute that the $98,000 payment was properly subject to forfeiture. By statute, the Government's interest in the property vests "upon the commission of the act giving rise to forfeiture under this section." 18 U.S.C. § 1963(c). Any subsequent transfer of property is valid only if the person to whom the property is transferred is a "bona fide purchaser for value of [the] property who at the time of [transfer] was reasonably without cause to believe that the property was subject to forfeiture under this section." *Id.* Washington law makes a valid attorney's lien on an action "superior to all other liens." RCW § 60.40.010(3). The attorney claimants believe, mistakenly, that this statute gives them an interest in the $98,000 payment that is superior to the Government's interest.

 In a federal forfeiture proceeding, state law determines whether a claimant has a valid property interest, but federal law determines whether that interest is forfeit. *United States v. Hooper*, 229 F.3d 818, 820 (9th Cir.2000). The court assumes for purposes of this order that the attorney claimants had a valid interest, via their attorney liens, in the $98,000 payment. As the court has noted, federal law dictates that that interest is forfeit unless it predates the commission of the acts giving rise to forfeiture, or unless the claimant acquired that interest as a bona fide purchaser. 18 U.S.C. § 1963(c); *see*

---

1. The record is murky as to the whereabouts of the $98,000 payment. It remained in the King County registry until at least September 2010. The court's preliminary order of forfeiture (which the court adopted from the Government's proposed order) contains a vague footnote directing the disbursement of the payment to the United States Marshal. Dkt. # 312. The court has no idea if the King County clerk disbursed funds, and the court is aware of no evidence showing that the Marshal has received the funds. The court mentions this because while one of the attorney claimants filed notice of his lien in October 2009, the other attorney claimant did not file his notice until June 2011. By June 2011, there may have been no funds in the King County registry.

also *Hooper*, 229 F.3d at 821 ("Claimant's legal interest, if any, must have been vested in Claimants at the time [the defendants] committed their crimes.").[2]

■ The attorney claimants' interest in the $98,000 is forfeit because it arose after the interest of the United States vested. The Corporation pleaded guilty to crimes that began in 2004 and continued through at least 2008. The attorney claimants' interests arose no earlier than 2009, and thus are forfeit. Although their interests are superior to other *liens* as a matter of state law, federal law in this case plainly deems their interests forfeit. Moreover, the attorney claimants can take no shelter in the protections afforded to bona fide purchasers, because they were undisputedly aware in 2009 that the Corporations' interest in the Shoreline real property was subject to forfeiture. The court finds that the attorney claimants cannot, as a matter of law, establish a valid claim to the $98,000 payment.

Although the court acknowledges the attorneys' equitable claim to the property, a federal court cannot modify a forfeiture award based solely on an equitable claim. 18 U.S.C. § 1963(*l*)(6) (stating that proof of an interest predating criminal acts or a bona fide purchase thereafter are the sole grounds on which court can amend an order of forfeiture). The attorneys rightly point out that the Government did not merely acquiesce to their work on the Shoreline property dispute, it did so knowing that the property subject to forfeiture would benefit. In essence, the Government knowingly permitted (or even encouraged) the attorney claimants to do work for the Government's benefit. But, as the Government points out, it is not attempting to avoid the equitable claim, it is merely requiring the attorneys to make that claim in the proper forum. RICO authorizes the Attorney General to "grant petitions for mitigation or remission of forfeiture" where doing so is "in the interests of justice" and not inconsistent with RICO's purpose. 18 U.S.C. § 1963(g)(1). This District's United States Attorney has pledged to support the attorney claimants if they file a petition for mitigation or remission. The court can only speculate why the United States Attorney has been unable to facilitate the resolution of the attorneys' small claims even though they have been pending for a year. It suffices for now to hold that the attorneys' remedy lies with the Department of Justice, not this court.

### III. CONCLUSION

For the reasons stated above, the court GRANTS the Government's motion to dismiss (Dkt. # 344), and DISMISSES the attorney claimants' petitions (Dkt. ##334, 335).

---

**2.** *Hooper* interpreted the forfeiture provisions of 21 U.S.C. § 853, noting that they are substantially identical to the RICO forfeiture provisions at 18 U.S.C. § 1963, and that courts treat case law interpreting the two sets of provisions as equivalent. 229 F.3d at 821 n. 7.