[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-13683 & 15-12049
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-01091-JIC-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELWOOD J. COOPER,

Interested Party - Appellant.

WILLIAM BETHEL,
a.k.a. Brian Bethel,
FRANK CARTWRIGHT,

Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 7, 2017)

Before WILLIAM PRYOR, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Elwood Cooper, proceeding *pro se*, appeals (1) the district court's dismissal of his petition for adjudication of his third-party interest in $4.9 million in U.S. currency that was forfeited by consent to the government during the criminal proceedings against William Bethel and Frank Cartwright; and (2) a subsequent order denying his motion to unseal and transcribe particular hearings related to Mr. Bethel and Mr. Cartwright for use in his appeal of the order dismissing his third-party forfeiture petition. On appeal, Mr. Cooper argues that the underlying forfeitures were illegal due to a previous invalid government seizure and that his third-party forfeiture petition was timely filed. He also contends that the district court abused its discretion when it denied his motion to unseal and transcribe the hearings in the criminal case because he has a qualified First Amendment right to access the sealed transcripts.

Following review of the record on the parties' briefs, we affirm the district court's dismissal of Mr. Cooper's third-party forfeiture petitions. As for the district court's denial of Mr. Cooper's motion to unseal and transcribe the hearings in question, we also affirm.

2

## I

Mr. Cooper was convicted in 1998 in federal court for his involvement in an ongoing conspiracy to import cocaine into the United States and sentenced to life imprisonment. In 2000, while Mr. Cooper was incarcerated, Mr. Bethel and Mr. Cartwright were indicted in a separate case for their involvement in a drug smuggling conspiracy.

The indictments against Mr. Bethel and Mr. Cartwright sought forfeiture of their interest in any property derived from, or used to facilitate, the commission of their narcotics offenses. *See* 21 U.S.C. § 853. Mr. Bethel and Mr. Cartwright pled guilty and consented to the forfeiture of the $2.4 million and $2.5 million, respectively, in U.S. currency that the government seized.

In April of 2001, after the district court entered judgment against Mr. Bethel and a preliminary order of forfeiture, the government filed proof of publication of notice of forfeiture regarding Mr. Bethel's forfeited interest in $2.4 million in U.S. currency. In July of 2006, after the district court entered judgment against Mr. Cartwright and issued a preliminary order of forfeiture, the government filed a proof of publication of notice of forfeiture regarding Mr. Cartwright's forfeited interest in $2.5 million in U.S. currency. Following each of these publications and with no ancillary petitions filed, the district court entered final orders of forfeiture

decreeing that all interests in the currency were forfeited and vested in the government.

Approximately 13 years after the entry of the final order of forfeiture against Mr. Bethel, and 8 years after the entry of the final order of forfeiture against Mr. Cartwright, Mr. Cooper filed two petitions for adjudication of his third-party interest in the currency under § 853(n) and Federal Rule of Criminal Procedure 32.2.  In the petitions Mr. Cooper sought a hearing under § 853(n)(2) to adjudicate the validity of his right in the currency forfeited by Mr. Bethel and Mr. Cartwright, claiming he was a "*de facto* leader" of the charged drug conspiracy, which gave him a superior legal right, title, or interest to the currency as compared to Mr. Bethel and Mr. Cartwright, and that the seizure that gave rise to the forfeiture (i.e., the seizure in Mr. Cooper's own case) was illegal.  The government moved to dismiss the second petition because it considered the two petitions to be "identical for practical purposes."  The district court granted the government's motion to dismiss the second petition and denied Mr. Cooper's petitions.  Mr. Cooper appealed.

Following the district court's rejection of his third-party petitions, Mr. Cooper filed a motion to unseal the transcripts of the sentencing hearings for Mr. Bethel and Mr. Cartwright, seeking to transcribe them for use in his appeal of the district court's denial of his third-party forfeiture petitions.  The district court

4

denied the motion on the grounds that the public record, which included the government's motions to reduce the sentences of Mr. Bethel and Mr. Cartwright, and the sentences they received, were not under seal, and that Mr. Cooper had failed to articulate why these sealed hearings had any relevance to his forfeiture appeal. After unsuccessfully seeking reconsideration, Mr. Cooper appealed the denial of his motion for leave to unseal the transcripts and motion for reconsideration.

We consolidated Mr. Cooper's two appeals.

## II

We review the district court's legal conclusions as to third-party claims to criminally forfeited property *de novo* and factual findings for clear error. *See United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009). Because Mr. Cooper is a *pro se* litigant, his pleadings are held to a less stringent standard than counseled pleadings and are liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. *See United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012). When a court finds that property is subject to forfeiture, "it must promptly enter a preliminary order of forfeiture . . . without

regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). Following the entry of a forfeiture order, including a preliminary order, the government shall "publish notice of the order and of its intent to dispose of the property," and "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property." § 853(n)(1). The government must "send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6).

A third party is required to file a petition with the district court "within thirty days of the final publication of notice or his receipt of [direct written] notice . . . whichever is earlier." § 853(n)(2). But third parties lack standing to challenge the validity of the forfeiture order itself. *See Davenport*, 668 F.3d at 1321.

If a third party files a timely petition, the district court must conduct an ancillary proceeding to determine whether he or she has an interest in the forfeited property. *See* Fed. R. Crim. P. 32.2(c)(1). In fact, "[a]n ancillary proceeding constitutes the sole means by which a third-party claimant can establish entitlement to return of forfeited property." *Davenport*, 668 F.3d at 1320.

If no third party files a timely petition and the court finds that the defendant, or any number of defendants, had an interest in the property that is forfeitable, the preliminary order becomes the final order of forfeiture. *See* Fed. R. Crim. P.

6

32.2(c)(2).  *See also Davenport*, 668 F.3d at 1322.  Once the final order of forfeiture is entered, neither the defendant nor a third party may object to the final order on the ground that he or she had an interest in the property.  *See* Fed. R. Crim. P. 32.2(c)(2).  *See also Davenport*, 668 F.3d at 1320.

Here, Mr. Cooper's petitions—filed 8 years and 13 years after the respective forfeiture orders—were untimely and therefore cannot be reviewed.  Mr. Cooper argues that the prescribed 30-day period started when he received actual notice in June of 2014, but he misreads the statutory-triggering date.  The text of § 853(n)(2) requires a third party to file a petition within 30 days of either "the final publication of notice *or* his receipt of [direct written] notice . . . *whichever is earlier*."  *See* § 853(n)(2) (emphasis added).  The final publications of notice occurred before Mr. Cooper's alleged actual notice, so they began the running of the 30-day clocks.  Mr. Cooper did not submit his third-party petition within 30 days of either of the government's notices, so they were late.

Mr. Cooper also contends that the government should have provided him with written notice years ago pursuant to § 853(n).  The government may provide direct notice to third parties who are "known to have alleged an interest in the property."  *See* § 853(n).  And it must "send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding."  Fed. R. Crim. P. 32.2(b)(6).  At the time of the forfeitures,

7

Mr. Cooper was not someone known to have alleged an interest in the property or who reasonably appeared to be a potential claimant with standing to contest the forfeiture because his alleged interest stems from his own criminal acts.

Critically, § 853(n)(6) "protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and 'bona fide purchasers for value' without knowledge of the forfeitability of the defendant's assets." *See United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (citing *United States v. Kennedy*, 201 F.3d 1324, 1328–29 (11th Cir. 2000)). Although Mr. Cooper attempts to place himself within the first category, his attempt fails. We are not aware of any authority which allows an admitted unindicted co-conspirator in a drug case to defeat forfeiture of drug proceeds because he is the leader of the conspiracy.

Mr. Cooper's attempt to challenge the legality of the seizure that purportedly gave rise to the forfeitures also fails because he does not have standing to challenge the validity of the forfeiture orders. As a third party, Mr. Cooper cannot relitigate the merits of a forfeitability determination. *See Davenport*, 668 F.3d at 1321 (ruling that the defendant did not have standing to challenge the co-defendant's preliminary order of forfeiture). The ancillary proceeding provided by § 853(n) and Rule 32.2 exists to determine "whether any third party has a legal

8

interest in the forfeited property," not to relitigate or challenge a preliminary order's finding of forfeitability.  *Id.*  *See also* Fed. R. Crim. P. 32.2, advisory committee's note to 2000 amendment.  If the forfeited property truly belongs to a third party, he or she can prevail and recover during the ancillary process— "whether there were defects in the . . . forfeiture process or not; and if the property does not belong to the third party, such defects in the finding of forfeitability are of no concern of [theirs]."  *Davenport*, 668 F.3d 1316, 1321 (quoting *United States v. Andrews*, 530 F.3d 1232, 1236–37 (10th Cir. 2008)).  Mr. Cooper lacks standing to challenge the legality of the seizure that allegedly gave rise to the forfeitures, regardless of whether he availed himself of the opportunity to vindicate his purported interest in the forfeited funds.

Accordingly, without a showing from Mr. Cooper that his third-party petition was timely or that he had standing to challenge the validity of the seizure giving rise to the forfeiture of the currency, the district court did not err in dismissing and denying his third-party petition.

## IV

The public has a qualified First Amendment right of access to criminal trial proceedings.  *See United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028–29 (11th Cir. 2005).  This right establishes a presumption of openness that precludes the sealing of criminal proceedings.  *See id.* at 1030.  To overcome this presumption, a

party must show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enterprise Co. v. Super. Ct. of California*, 464 U.S. 501, 510 (1984)). A district court, addressing the sealing of criminal proceedings, has "discretion to determine which portions of the record should be placed under seal." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). In denying a party's access to documents or sealing proceedings, however, a district court "must articulate the overriding interest 'along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Ochoa-Vasquez*, 428 F.3d at 1030 (quoting *Press-Enterprise Co.*, 464 U.S. at 510).

For a number of reasons, we have no occasion to apply these principles here. First, Mr. Cooper sought to unseal the transcripts of the hearings only after the district court had dismissed and denied his petitions. Normally an appellant cannot rely on evidence that he did not present to the district court, *see generally Ross v. Kemp*, 785 F.2d 1467, 1474 (11th Cir. 1986), and we see no basis to depart from that general rule here. Second, Mr. Cooper has not explained how anything in those transcripts would render his petitions timely or allow him—as an admitted unindicted co-conspirator—to have a cognizable interest in the forfeited currency.

*Cf. United States v. Hooper*, 229 F.3d 818, 822 ("§ 853(n)(6)(A) is likely never to apply to proceeds of the crime").

## V

Accordingly, we affirm the district court's dismissal and denial of Mr. Cooper's petition for adjudication of his third-party interest in the forfeited currency and affirm the district court's denial of Mr. Cooper's motion to unseal.

**AFFIRMED.**