[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12987
Non-Argument Calendar
_____

D.C. Docket No. 9:98-cr-08050-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELWOOD COOPER,

Interested Party - Appellant,

BRIAN BETHEL,
a.k.a. Brian Rolle,
WENDELL SAUNDERS,

Defendants.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 23, 2017)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Elwood Cooper, proceeding *pro se*, is a federal prisoner serving a life sentence. He appeals from the district court's order in a separate, but related, criminal case denying his motions seeking to unseal the transcript of certain grand jury testimony. On appeal, he argues that he should have been given access to the grand jury testimony because it would show that (1) his sentence should be reduced under Amendment 782 to the Sentencing Guidelines and (2) he is entitled to money that his co-conspirators forfeited to the government. Because the district court did not abuse its discretion in denying Cooper's motions, we affirm.

## I.    FACTUAL BACKGROUND

This case is one of several appeals by Cooper. Because Cooper argues that the district court should have unsealed grand jury testimony so that he could use it in two related cases, we give a brief history of Cooper's criminal conviction and his recent challenges to his life sentence and the forfeiture of his co-conspirators' currency to the government.

### A.    Cooper's Criminal Conviction

Cooper was convicted in 1998 in federal court for his role in an ongoing conspiracy to import cocaine into the United States. He is currently serving a life sentence. In May 2015, Cooper filed a motion for a sentence reduction pursuant to

2

18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which reduced the base offense level for most drug offenses.  The government opposed the motion, arguing that based on the finding at Cooper's sentencing hearing about the quantity of drugs attributable to him, his sentence remained the same under the new drug quantity tables set forth in Amendment 782.  The district court agreed and denied Cooper's motion.  Cooper has appealed, and his appeal is currently pending before the Court in another case.

### B.    Bethel's and Saunders's Indictment

In this case, Cooper's co-conspirators, Brian Bethel and Wendell Saunders, were indicted in 1998 for their role in the drug smuggling conspiracy.  In 2001, the district court dismissed the indictment against Bethel on the government's motion.  In 2014, the district court dismissed the indictment against Saunders on the government's motion.

### C.    Bethel's and Cartwright's Conviction

Bethel and Frank Cartwright were indicted in 2000 in a separate case related to the same conspiracy.  The indictments against Bethel and Cartwright sought forfeiture of property and proceeds obtained as a result of the charged criminal activity.  Both Bethel and Cartwright pled guilty to the charges against them and consented to the forfeiture of $2.4 million and $2.5 million, respectively, in U.S. currency that the government had seized.

3

In 2001, after the district court entered judgment against Bethel and a preliminary order of forfeiture, the government filed proof of publication of notice regarding Bethel's forfeited interest in the $2.4 million.  In 2006, after the district court entered judgment against Cartwright and a preliminary order of forfeiture, the government filed proof of publication of notice regarding Cartwright's forfeited interest in the $2.5 million.  No ancillary petitions challenging the forfeitures were filed within 30 days of the publication of notice.

Years later, Cooper filed petitions challenging the forfeiture.  In the petitions, Cooper argued that because he was the *de facto* leader of the drug conspiracy, he had a superior legal interest in the currency as compared to Bethel and Cartwright and that the seizure that gave rise to the forfeiture was illegal.  The government moved to dismiss the petitions, arguing, among other reasons, that they were untimely.  The district court denied Cooper's petitions.  Cooper appealed.

While the appeal of the denial of the forfeiture petitions was pending, Cooper filed an emergency motion in the district court to unseal the transcripts from Bethel's and Cartwright's sentencing hearings, claiming that the information would assist him in his appeal.  The district court denied the motion, and Cooper appealed that decision as well.  We consolidated these two appeals and affirmed the district court's orders denying the petition and refusing to unseal the sentencing

4

hearing transcripts.  *See United States v. Cooper*, Nos. 14-13683, 15-12049, 2017 WL 491148 (11th Cir. Feb. 7, 2017).

## D.    Procedural History

In this case, in which Bethel and Saunders were indicted and the indictments subsequently were dismissed, Cooper filed two emergency motions in 2015 seeking to unseal the transcript of grand jury testimony from DEA Agent Raymond Cantena.  In the first motion, Cooper claimed that Cantena's grand jury testimony was relevant to Cooper's appeal of the denial of his forfeiture petitions. While the first motion was pending, Cooper filed the second motion, asserting that Cantena's testimony would assist him in showing that the district court should resentence him pursuant to Amendment 782 of the Sentencing Guidelines.[1]

The government opposed Cooper's motions but addressed only why Cooper had no need for Cantena's grand jury transcript with regard to the resentencing and overlooked that Cooper also claimed he needed the testimony for the forfeiture appeal.  Before the time elapsed for Cooper to file a reply brief, the district court entered an order summarily denying Cooper's motions.  This is Cooper's appeal.

---

[1] When Cooper filed the second motion, his motion seeking a resentencing pursuant to Amendment 782 was pending before the district court.

## II.    STANDARD OF REVIEW

We review for abuse of discretion a district court's order governing the disclosure of grand jury documents. *United States v. Aisenberg*, 358 F.3d 1327, 1338 (11th Cir. 2004).

## III.    ANALYSIS

In this appeal, Cooper seeks access to a sealed transcript of testimony presented to a grand jury.  In general, grand jury materials are secret, even after the grand jury has concluded its operations. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) ("[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.").  Federal Rule of Criminal Procedure 6(e) codifies this secrecy principle and generally prohibits the disclosure of grand jury material. *See Aisenberg*, 358 F.3d at 1346-47.  To pierce grand jury secrecy, the party seeking disclosure must demonstrate, among other things, that "the need for disclosure outweighs the need for, and public interest in, secrecy." *Id.* at 1348.  To carry this burden, "the party seeking disclosure of grand jury material must show a compelling and particularized need for disclosure." *Id.* "To show a compelling and particularized need, the private party must show circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand

6

jury process." *Id.* (internal quotation marks omitted).  We must also keep in mind that the district court "has substantial discretion in determining whether grand jury materials should be released." *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion in denying Cooper's motions because he failed to carry his burden of showing a particularized need for disclosure of Cantena's grand jury testimony.  Cooper argues that he needed the testimony to show that (1) he should have been resentenced under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines and (2) he was entitled to the forfeited currency.  We reject both arguments.

We cannot say that Cooper had a particularized need for the grand jury materials to support his motion seeking a sentence reduction.   A district court has discretion under 18 U.S.C. § 3582(c)(2) "to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  But "a sentencing adjustment undertaken pursuant to [§] 3582(c)(2) does not constitute a *de novo* resentencing." *Id.* at 781.

Here, Cooper sought a sentence reduction under § 3582(c)(2) based on Amendment 782, which reduced the base offense level for most drug offenses.  *See United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015).   Cooper argues that

7

the grand jury testimony would show that the wrong quantity of drugs had been attributed to him at his original sentencing and that he should have received a lower sentence considering the correct quantity of drugs. But the question of whether the correct amount of drugs was attributed to a defendant is not at issue in a resentencing pursuant to § 3582(c)(2) and Amendment 782 because the resentencing is limited solely to calculation of the defendant's offense level under the new drug quantity tables using the quantity of drugs previously attributed to the defendant. Accordingly, we reject Cooper's argument that he had a compelling and particularized need for the grand jury testimony in connection with his § 3582(c)(2) motion for a sentence reduction based on Amendment 782.

Cooper also failed to demonstrate a particularized need for the grand jury material to support his appeal of the denial of his forfeiture petitions.[2] He claims that the grand jury testimony would show that he was entitled to the forfeited property. But Cooper filed a motion in the district court seeking to unseal the grand jury transcript after the district court dismissed and denied his petitions for forfeiture. Normally an appellant cannot rely on evidence that he did not present to the district court, *see generally Ross v. Kemp*, 785 F.2d 1467, 1474 (11th Cir.

---

[2] Cooper argues that because the government failed to address this argument before the district court, it abandoned any opposition, and we must grant him access to the sealed grand jury testimony. Not so. We may affirm the district court for any reason supported by the record. *See United States v. Barsoum*, 763 F.3d 1321, 1338 (11th Cir. 2014).

1986), and there are no extenuating circumstances here that would justify a departure from that rule.

Furthermore, Cooper's petitions were dismissed as untimely rather than on the merits. Cooper has offered no explanation how anything in the transcript would render his petitions timely. A third party is required to file a petition within 30 days of the final publication of notice or his receipt of direct written notice, whichever is earlier. *See* 21 U.S.C. § 853(n)(2); *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012) ("If a third party fails to file a petition within the prescribed 30-day deadline, her interests are forfeited."). Here, Cooper's petitions were too late because he waited years after final publication of notice. Cooper cannot demonstrate a particularized need for the grand jury transcript, as he has offered no explanation how the transcript could show that his petitions were timely.[3]

---

[3] Cooper also argues that the district court erred because it denied his motions for access to the grand jury transcripts before he had an opportunity to file his reply brief. Under the district court's local rules, Cooper had seven days to file a reply brief, *see* S.D. Fla. Local Rule 7.1(c), but the district court denied Cooper's motions before the time period for his reply had expired. Even assuming that the district court erred by ruling before receiving Cooper's reply, we see no reversible error because Cooper has not shown that the error affected his substantial rights. *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."). We cannot say that the error affected Cooper's substantial rights because he has not shown that his reply brief would have changed the outcome.

## IV.    CONCLUSION

The district court did not abuse its discretion by denying Cooper's motions because he failed to show a particularized need for the grand jury transcript. Accordingly, we affirm.

**AFFIRMED.**